## SPENCER v. VIGNEAUX et al.

In an action upon a judgment, the judgment debtor may set up in bar of a recovery matters which were a proper ground of defense in the original action, accompanied with a showing that he was prevented from availing himself of the defense in the former action by his ignorance of the facts on which it rested, and that this ignorance was not imputable to any negligence or laches on his part.

S. sued V., G. & D. to recover $22,000, alleged to be a balance due from them as partners on account of certain mercantile transactions. Defendant V., who was the managing partner of defendants' firm, had unbeknown to his copartners made a payment of $10,000, which should have been credited upon the amount demanded by plaintiff, but of this fact G. and D. were kept in ignorance, and V., conspiring with the plaintiff to conceal the payment, induced his codefendants to suffer a judgment for the full amount claimed. Subsequently, G. and D. having paid on the judgment more than the amount for which it should have been rendered, discovered the fraud, and the present action having been commenced by S. thereon to recover the balance, they set up these facts as an equitable defense : Held, that the defense was permissible, and sufficient to defeat the action, and that defendants were entitled to an injunction against the enforcement by plaintiff of the original judgment.

Defendant D., in his answer, stated that he had been informed before the first trial that the $10,000 payment had been made by V., but that he was assured by V. that such was not the fact ; that the papers and books of the firm were in V.'s possession, and access to them could not be had, and that he had no per-·sonal knowledge of the fact, or means of ascertaining or proving it upon the former trial : Held, that this statement did not show such negligence or laches on D.'s part as to prevent him from now availing himself of the defense.

It was not negligence on the part of D. to fail to make an application for a continuance, it being evident that he could not have made a showing sufficient for that purpose, and that the application would have been a mere matter of form.

Appeal from the Twelfth Judicial District.

This action was commenced in the District Court of the Twelfth District, on the fifth day of January, 1858. The complaint sets forth that on the tenth day of January, 1853, the plaintiff, H: B. Spencer, recovered a judgment against the defendants, E. Vigneaux, E. Grisar and C. De Boom, in the Superior Court of San Francisco, for $22,061.91 and costs in the sum of $672.73 ; that defendants have since made certain payments thereon, leaving still due $14,768.44, for which, with interest, plaintiff asks judgment.

The answer of the defendant C. De Boom admitted the rendition of the judgment as alleged, and for defense set forth substan-

tially the facts as found by the Judge and shown in his findings, of which a copy is given below. The clause in this answer relied upon by appellant, as an admission showing negligence in not introducing the defense in the former action, is as follows: "That before any judgment was rendered in said (former) action this defendant was informed and believed that the said account was incorrect in this, that it did not credit the defendants, said firm, with a certain sum of ten thousand dollars, ($10,000) which sum, as this defendant had been informed and believed, had been paid to the plaintiff on the nineteenth of November, 1849, by said firm of De Boom, Vigneaux & Grisar, through their correspondents, the house of De Boom & Longenhose, of Antwerp, in Belgium; that he, this defendant, had no personal knowledge of the payment by his said firm of the said sum of $10,000 in manner aforesaid, nor had he access to the books or correspondence of his said firm, which were then and have ever since remained at Valparaiso, in the custody of Vigneaux, who has always since refused to deliver said books and correspondence to this defendant, or to permit him to examine them; and who falsely and fraudulently denied that the said sum of $10,000 had been paid to the plaintiff, and this defendant was therefore unable before the trial of said action to ascertain the facts with certainty, and to procure the evidence thereof," etc.

The answer of defendant Grisar was substantially the same as that of De Boom, except that it denied, upon Grisar's part, any knowledge or information of the payment before the trial of the other action, and stated that he did not appear therein, but suffered defendant.

The case was tried by the Court without a jury, and from the evidence the Judge found the facts, and stated his conclusions of law as follows:

"1. That on the tenth day of January, A. D. 1853, in the Superior Court of the city of San Francisco, the plaintiff recovered a judgment against the defendants for the sum of twenty-two thousand and sixty-one dollars and ninety-one cents ($22,061.91) with interest from the date of the judgment at twelve per cent. per annum, and six hundred and seventy-two dollars and seventy-three cents ($672.73) costs; that on the eighteenth of August, 1853, a payment was made of ten thousand dollars ($10,000) on said

judgment, by one Chaviteau, a receiver in possession of the property of the defendants; and that the defendants paid the interest on the balance thereof to the thirty-first of August, 1854, leaving now unpaid on the judgment the sum of twelve thousand seven hundred and thirty-four dollars and sixty-four cents ($12,734.64) with interest thereon from the thirty-first day of August, 1854, at twelve per cent. per annum.

" 2. That said judgment was rendered in an action brought by the plaintiff against the defendants, as partners under the name of De Boom, Vigneaux & Grisar, to recover the balance alleged to be due to the plaintiff from the defendants upon an account rendered to the plaintiff in October, 1850, by the defendant Vigneaux in the name of the firm, the balance so claimed being the sum of eighteen thousand and thirty-one dollars and twenty-five cents ($18,031.25) with interest thereon at the rate of twelve per cent. per annum from the first day of March, 1851, and the judgment was for the full amount of said alleged balance and interest.

" 3. That the said account was erroneous in this : that it omitted to credit the defendants with a sum of ten thousand dollars, ($10,000) which was paid by them to the plaintiff on the nineteenth day of November, 1849 ; that the judgment thereon was for a sum greater than was justly due by the said sum of ten thousand dollars, ($10,000) with interest thereon at the rate of twelve per cent. per annum from the nineteenth day of November, 1849, and that the amount actually due from the defendants to the plaintiff, and for which the judgment should have been rendered, has been overpaid by the payments made by the defendants and said Chaviteau on the judgment.

" 4. That the said defendants were copartners in business at Valparaiso, in the republic of Chili, under the name of De Boom, Vigneaux & Grisar, in the years 1848, 1849 and 1850. That in December, 1848, the defendant De Boom left Valparaiso and came to California, and did not afterwards return to Valparaiso. That the defendant Grisar left Valparaiso in 1850, and came to California; and that the payment of the said sum of $10,000 was made by the house at Valparaiso, during the absence of the defendant De Boom from that place, and said account was made out at Val-

paraiso, and was rendered in the name of the firm by said Vigneaux, in the absence of the defendants De Boom and Grisar.

" 5. That the defendant Vigneaux came to California about the latter part of the year 1851.

" 6. That in the action above referred to on said account, the defendants were all personally served. That the defendants Vigneaux and Grisar made no defense, and the judgment was entered against them by default. That the defendant De Boom appeared and answered, denying the indebtedness alleged ; and on the trial the defendants Vigneaux and Grisar were called as witnesses on the part of the plaintiff to prove the correctness of the account, and did testify on behalf of the plaintiff, and were the only witnesses examined on that point.

" 7. That at the time of the trial, the plaintiff and defendant Vigneaux did know, but that the defendant De Boom and the defendant Grisar did not know, of the payment of $10,000 having been made, that fact having been fraudulently concealed from the said De Boom and Grisar by their codefendant Vigneaux and the plaintiff, and they did not ascertain said fact until long after the trial.

" 8. That the account on which the said action was brought was rendered to the plaintiff, and the said judgment obtained thereon for a larger sum than was due, by fraud and collusion between the plaintiff and the defendant Vigneaux.

" 9. That the plaintiff was not a resident of or in the State of California at the time said judgment was rendered, and has ever since that time been absent from this State.

" And as a conclusion of law, the Court finds that the defendants De Boom and Grisar, and each of them, are entitled to have the said judgment declared satisfied, and to a perpetual injunction against the plaintiff to restrain him from any proceeding whatever to collect any balance thereof, and are entitled to judgment against the plaintiff for their costs and disbursements in this action.

" And further, the alleged liability of all the defendants being a joint one, that defendant Vigneaux, notwithstanding his default has been entered, is entitled to the like judgment.

" And it is ordered that judgment be entered accordingly in favor of all the defendants."

Judgment was accordingly entered for all the defendants, from which the plaintiff appeals.

*Stanly & Hayes,* for Appellants.

I.   A judgment cannot be impeached on the ground of its being contrary to equity, unless the party was ignorant of the fact relied on pending the suit, or it could not have been received as a defense, or he was prevented from availing himself of the defense by fraud or accident, or by the act of the opposite party unmingled with negligence or fault on his part.   A party cannot ask for relief in equity on the ground that he has failed or omitted to make a legal defense; and this rule is absolutely inflexible, and cannot be violated even when the judgment in question is manifestly wrong in law and in fact, or where the effect of allowing it to stand will be to.compel the payment of a debt which the defendant does not owe.   (2 Lead. Cases in Eq. 99, and cases there cited.)

Equity will not entertain jurisdiction of a suit of this nature merely on the ground that the demand may be unconscientious, and that injustice may have been done, provided it was competent for the party to have placed the matter before the Court in the original action, either upon issue joined or upon motion to set aside the verdict or judgment.   (*Borland* v. *Thornton,* 12 Cal. 446, and cases there cited and commented on by the Court.)

A party, to obtain the aid of chancery, must show that he has exhausted all proper diligence to defend at law, or to defend in chancery if the first suit was in that form.   The fraud or practices of the other party are no excuse to him for not attempting to counteract them.   He must show he was defrauded of his opportunity to defend, and that his defense, which but for the practices of his adversary would have been effectual, was by such practices rendered unavailing.   (*Riddle* v. *Baker,* 13 Cal. 304; *Phelps* v. *Peabody,* 7 Id. 52.   See also to same effect *Homer* v. *Fish,* 1 Pick. 430; *Le Guen* v. *Gouverneur & Kemble,* 1 Johns. 492: *Marsh* v. *Pier,* 4 Rawle, 288–9; 1 Greenl. Ev. sec. 528, *et seq. ;* 3 Graham & Waterman on.New Trials, 1487, *et seq.; Simpson* v. *Hart,* 14 John. 72; *Anders* v. *Roberts,* 18 Id. 533; *Hamel* v. *Grimm,* 10 Abb. Prac. 150; *Larming* v. *Eddy,* 1 John. Ch. 49;

Spencer *v.* Vigneaux.

*Foster* v. *Wells,* 4 Tex. 101; *Doty* v. *Brown,* 4 Com. 71; *Walker* v. *Ames,* 2 Cowen, 428; *Tilton* v. *Gordon,* 1 N. H. 33; *Birck-head* v. *Brown,* 5 Sand. 135; *Weathered* v. *Mays,* 4 Tex. 387.)

II.   The defendant Grisar did not appear or answer in the former action, and thereby he conclusively admitted the averments in the complaint therein to be true.

The neglect of a party to appear and answer to process, legally issued from a Court of competent jurisdiction, he having been duly served therewith and summoned, is taken conclusively against him as a confession of the matters charged.   (1 Greenl. Ev. secs. 18, 27.)

A conclusive admission is one " which is not permitted to be overcome by any proof that the fact is otherwise."

III.   The finding that neither De Boom or Grisar knew of the alleged payment at the time of the former trial, nor until long afterwards, is contrary to the evidence, and contradicts the solemn sworn admission in the answer of De Boom.

*Crockett & Crittenden,* for Respondents.

I.   The defense made. in this case may be set up by answer to the action at law, as well as be made the ground of an equitable action.   (*Crary* v. *Goodman,* 2 Kernan, 266; *Thayer* v. *White,* 3 Cal. 228; *Loraine* v. *Long,* 6 Id. 452; *Arguello* v. *Edinger,* 10 Id. 160.)

II.   It is a good defense, because in the former action the plaintiff procured a judgment by fraud and had an unfair advantage, which it is against conscience that he should use.   Against that former action the defendants De Boom and Grisar had, to the extent of the relief they now claim, a complete defense, of which they were prevented from availing themselves by the fraud of the plaintiff.   (2 Story's Eq. secs. 885, 887, 894, and cases cited; *Marine Ins. Co. of Alexandria* v. *Hodgson,* 7 Cr. 332; *Phelps* v. *Peabody,* 7 Cal. 50; *Foster* v. *Wood,* 6 Johns. Ch. 90; *Ocean Ins. Co.* v. *Fields,* 2 Story, 59.)

III.   The exceptions to the rule that relief will be granted, are when the defendant has been guilty of laches or might have procured the proofs upon the trial.   This case is not within any of the exceptions.

The plaintiff has never been in this State. Neither of the defendants De Boom and Grisar had the means of getting the evidence; they were prevented from doing so by the fraudulent combination between the plaintiff and Vigneaux, the purpose and effect of which were to create a false impression of the fact on the mind of Grisar, and to keep the fact from the knowledge of De Boom. It was a combination not merely to suppress all evidence of the payment, but to keep the fact of payment concealed and get a judgment for money not due. The case has never been fairly tried. (2 Story's Eq. secs. 895–6.)

IV. Fraud need not be expressly proved. It may be inferred from circumstances. (1 Story's Eq. sec. 190; 2 Greenl. Ev. sec. 428; McDaniel v. Baca, 2 Cal. 339.)

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover a balance alleged to be due on a judgment rendered by the late Superior Court of the city of San Francisco. Two of the defendants answer, charging fraud in the procurement of the judgment, and claiming that there is nothing legally or properly due thereon. The alleged fraud consists in the concealment of a credit of $10,000, to which the defendants were entitled on the indebtedness upon which the judgment was obtained. The facts in regard to this credit are clearly made out, and it is evident that a conspiracy existed between the plaintiff and the defendant Vigneaux to defraud the other defendants of the amount. The credit arose from a payment by Vigneaux, and the Court below finds that the defendants Grisar and De Boom had no knowledge of this payment during the pendency of the former suit. The answer of De Boom admits that he was informed of the payment before the judgment was rendered, and the plaintiff contends that the finding is in conflict with this admission. There is certainly an apparent inconsistency, but we are of opinion that there is really no conflict, and that the finding is strictly in accordance with the answer. It is expressly declared that De Boom had no personal knowledge upon the subject, and it is alleged that upon inquiry of Vigneaux in relation to it, he denied having made the payment. It

Spencer v. Vigneaux.

is also alleged that De Boom was so situated as to be unable to ascertain the facts, and it is averred that Vigneaux was examined as a witness in the case, and testified to the correctness of the demand upon which the suit was brought. In effect, therefore, the answer shows that De Boom had no actual knowledge of the payment; and that the means of acquiring such knowledge were entirely beyond his reach. So far as the answer of Grisar is concerned, no objection of this character is interposed; and we see nothing in the record for which the plaintiff is entitled to a reversal.

The authorities cited by the counsel for the appellant on the question as to whether the defense set up is not to be regarded as *res judicata*, have no application. The principle enunciated is undoubtedly correct, but there was no actual adjudication upon the matter in controversy, and this principle cannot be invoked to sustain a fraud.

In *Borland* v. *Thornton* (12 Cal. 440) and in *Riddle* v. *Baker*, (13 Cal. 295) the rule governing cases of this character is clearly laid down.

The judgment is affirmed.

On petition for rehearing, COPE, J. delivered the following opinion—FIELD, C. J. concurring.

The petition for a rehearing in this case must be denied. It is claimed that the suggestion as to a conspiracy between the plaintiff and Vigneaux is unauthorized by the evidence. The proof is that the payment was made by a house in Valparaiso, of which Vigneaux had the control and management, and it is hardly to be supposed that a payment of such magnitude was made without his authority or knowledge. It would be absurd to suppose that the plaintiff receiving it was ignorant of the fact, and the only inference from the concealment is that it was a matter of concert and arrangement. It is claimed also, that the admission in the answer of De Boom is conclusive of his rights, as it shows him to have been guilty of negligence in defending the former suit. The admission is that he had been informed of the payment; but the circumstances stated in connection with this admission exculpate him from the charge of laches. Vigneaux, who made the payment,

denied having done so, and was present to support the denial by his oath; and afterwards actually came forward and swore to the correctness of the demand. It is said that De Boom should have applied for a continuance; but it is evident that he could not have made a showing sufficient for that purpose, and that the application would simply have been a matter of form. If he had known the facts, the failure in that respect would probably be fatal to the defense: but under the circumstances it would be a gross denial of justice to refuse relief.

The petition is denied.