### CHASE v. JAMESTOWN ST. RY. CO.

(*Supreme Court, General Term, Fifth Department.* June, 1891.)

**1.** ACTION FOR INJURIES—DEFECTIVE STREET-CAR.

Plaintiff's dress, when she was leaving a street-car in the usual manner, caught in the sheet-iron covering of the car-wheel projecting above the floor, which had been unscrewed, throwing her forward to the ground. It was shown that the defect in question was known to the person in charge of the car. *Held*, that the question whether the defect was the cause of plaintiff's injury was properly submitted to the jury, and their verdict for the plaintiff justified by the evidence, and that there was no contributory negligence on the part of the plaintiff.

**2. SAME—EVIDENCE.**
Evidence of previous accidents occurring from the same cause as that which occasioned plaintiff's injury was properly admitted to show the character of the defect.

**3. MOTION FOR NONSUIT—REMEDY BY DEMURRER OR ANSWER.**
In such case, a motion for a nonsuit, on the ground of the nonjoinder of plaintiff's husband, was properly denied, the fact of coverture appearing on the face of the complaint, and the objection, if any, on that ground, being waived, because not raised by demurrer, as required by Code Civil Proc. N. Y. §§ 488, 499.

Appeal from circuit court, Cattaraugus county.
Action by Cora Chase against the Jamestown Street-Railway Company. From a judgment for plaintiff, defendant appeals.
Argued before DWIGHT, P. J., and MACOMBER, J.
*C. R. Lockwood,* for appellant.　*F. W. Stevens,* for respondent.

DWIGHT, P. J.　The action was for a personal injury sustained by the plaintiff while a passenger on one of the cars of the defendant, caused, as alleged, by the negligence of the defendant in permitting the car to be out of repair. The car was an open one, with seats running across, and its floor extending over the wheels, which projected through the floor, and were guarded by sheet-iron boxes, or wheel-houses, as they were called, located mainly under the seat, but which projected slightly into the passage between the two seats. These guards were finished with a flange of the sheet-iron, extending around the bottom, through which the screws passed which fastened them to the floor. The evidence tended to show that the flange on one of these boxes had become loosened, and projected from under the seat an inch or two above the floor, presenting a sharp corner of sheet-iron liable to catch the skirts of ladies' dresses as they passed. At the time of the accident, as the plaintiff was attempting to alight from the car, the skirt of her dress caught on the corner of the loosened flange, and she was thrown forward onto the ground, and sustained the injury of which she complains.

The defendant was subject to the strict rule which fixes the liability of a carrier of passengers for hire, viz., that by its contract it is bound to use the utmost diligence possible to secure the safe transportation of the passenger; and, to that end, to furnish carriages of the most approved construction, and to keep them in perfect repair, so far as human skill and foresight can provide. This obligation extends as well to means and appliances for discharging passengers as for transporting them. So that if the wheel-box or guard in question was out of repair, in such manner as to be liable to trip or throw down a passenger alighting from the car, that fact, of itself, constituted negligence which would, so far, charge the defendant. The evidence upon that question was quite sufficient to warrant the verdict of the jury. It was substantially admitted that the defect in question existed, and that it was known to the person in charge of the car; and the resources of human skill and foresight had plainly not been exhausted in the effort to repair it. The proposition of counsel, in a request to charge "that the measure of defendant's duty was that of ordinary and reasonable care," was opposed to the elementary rule of liability applicable to carriers of passengers for hire. Whether that defect was the cause of the accident described was also a question properly submitted to the jury, and their verdict in that respect was well supported by the evidence. It only remained to make a case of the absence of contributory negligence to entitle the plaintiff to a verdict; and in that respect, again, it is very clear that the court could not have withheld the case from the jury. The plaintiff was passing out, in the ordinary manner, through the passage between the seats, following other passengers who sat nearer the exit than she did, not knowing of or suspecting a trap in the floor of the car, and not required to look for one, when her dress was caught, and she was thrown forward in the manner described. The duty of the passenger to exercise ordi-

nary and reasonable care for her own safety was well defined by the court to the jury, and the rule of non-liability of the defendant, in case of the want of such care on the part of the plaintiff, was correctly stated.  It seems there were arms attached to the ends of the seats between which the passengers passed out of the car, and some evidence was given tending to show that she did not take hold of either of those arms as she stepped down from the floor of the car to the step which ran beneath.  The evidence on this question was carefully and properly submitted to the jury, and they were instructed to say whether, in view of the whole situation as described, the plaintiff was guilty of negligence on her own part, which contributed to produce the accident.  This was all that the court was required to do.  It properly declined to hold as matter of law, and to charge the jury, that a failure of the plaintiff to take hold of the arm of the seat was contributory negligence.  The case, like most cases of this character, was one in which the inference of contributory negligence was to be drawn by the jury, if at all.  The motion for a nonsuit, on the ground of the non-joinder of the plaintiff's husband, was properly denied.  The fact of coverture appeared on the face of the complaint, and the objection, if any, on that ground, was waived, because not raised by demurrer or answer.  Code, Civil Proc. §§ 488, 499.  None of the defendant's exceptions to rulings on questions of evidence were necessarily fatal to the verdict.  The evidence given by several persons, as to the existence of the defect in the car at a time prior to that of the plaintiff's accident, was competent to show the negligence of the defendant in not taking effectual steps to remedy it; and the evidence of previous accidents from the same cause was competent, as illustrating the character of the defect.  *Quinlan* v. *Utica*, 74 N. Y. 603; *Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 469, 11 N. E. Rep. 43; *District of Columbia* v. *Armes*, 107 U. S. 519, 2 Sup. Ct. Rep. 840.  The question of the defendant to Dr. Towle, a physician, whether the plaintiff's mother was afflicted with cancer, was properly excluded, because it was not confined to personal knowledge of the witness, acquired otherwise than when acting in a professional capacity; but the fact, if it was competent at all, was afterwards established by other evidence, and was not disputed.  The opinion of Drs. Towle and Fisher, as to the probable effect of the plaintiff's fall, was competent, as that of medical experts.  The testimony of a witness offered to prove a declaration of plaintiff's witness Mrs. Lawson was properly excluded, because it did not tend to contradict any fact to which the witness Mrs. Lawson had testified, and which was material to the issues. In short, without further particularizing, we find no exception in the case which points to error committed on the trial.  We think the law of the case was properly expounded to the jury, and that the verdict was well supported by competent evidence.  The judgment and order appealed from must be affirmed.