[Civ. No. 2852.   First Appellate District, Division One.—July 9, 1919.]

## MARY ARDANAZ FERNANDEZ, Respondent, v. MARTIN ABURREA, Appellant.

[1] PARENT AND CHILD—OBLIGATION TO SUPPORT—STATUTE OF LIMITATIONS.—The obligation of a father to support his child, whether legitimate or illegitimate, is a continuing duty, against which the statute of limitations will not run during the time that the child needs such care and support.

[2] ID.—RIGHTS OF MINOR—CONTRACTS OF PARENTS.—A minor's right to support and maintenance by his father may not be limited or contracted away by his parents.

[3] ID.—ACTION BY MOTHER FOR SUPPORT OF ILLEGITIMATE CHILD—PARTY PLAINTIFF.—Under section 196a of the Civil Code, the mother of an illegitimate child may bring an action in her own name on behalf of the child against the father thereof for its support.

[4] ID.—WAIVER OF OBJECTION TO PARTY PLAINTIFF.—Even though the statute did not expressly authorize such an action by the mother in her own name on behalf of the illegitimate child, where suit is thus brought and the defendant fails to take advantage of the point, either by demurrer or answer, the objection will be deemed waived.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. L. Brown for Appellant.

Frank A. Duryea and G. B. Benham for Respondent.

KERRIGAN, J.—This is an action brought by the plaintiff, under the provisions of section 196a of the Civil Code, against the defendant, the putative father, for the support of her minor illegitimate child.

The trial resulted in a judgment in favor of the plaintiff for the sum of $115, for the support of the child from the date of the filing of the action until the entry of judgment, and for the further sum of $15 per month thereafter until the further order of the court. The defendant appeals.

The section of the Civil Code in question reads as follows: "The father as well as the mother of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child by his mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

The action was commenced more than three years after the enactment of this section, and for this reason the defendant claims that it is barred by the provisions of section 338 of the Code of Civil Procedure.

[1] The obligation of a father to support his child, whether legitimate or illegitimate, is a continuing duty, against which the statute of limitations will not run during the time that the child needs such care and support. (*Denham* v. *Watson*, 24 Neb. 779, [40 N. W. 308].)

Prior to the enactment of said section 196a the plaintiff and defendant entered into an agreement, by the terms of which the defendant claims that he was released of all obligations to the plaintiff and to their child. It provides that in consideration of the sum of $325 the plaintiff discharges the defendant "of all obligations which he may have toward said Maria Ardanaz for her pregnancy and its consequences." Upon this purported release the defendant contends that to enforce section 196a of the Civil Code against him would be in violation of section 16, article I, of the constitution of the state, prohibiting the enactment of laws impairing the obligation of contracts. [2] Assuming that this paper, which is in the form of a receipt, is broad enough to include within its terms an undertaking on the part of the plaintiff to relieve the defendant of any obligation devolving upon him at that time or to which he might thereafter be subjected to support his child, still it would have no binding force or effect, for it is settled law in this state that a minor's right to support and maintenance by his father may not be limited or contracted away by his parents. (*Lewis* v. *Lewis*, 174 Cal. 336, [163 Pac. 42].) And it follows that the plaintiff being without power to release the defendant from his obligation to support his minor child, so much of the agreement between the parties

as purports so to release him is void, and, consequently, created no contractual right between him and the plaintiff which could be impaired by subsequent legislation.

[3] Defendant also attacks the complaint on the ground that the action was not brought by the proper party plaintiff. The institution of the action by the mother in her own name on behalf of the child is expressly authorized by the statute; [4] but even .if it were not, the defendant having failed to take advantage of the point either by demurrer or answer, the objection will be deemed waived. (*Taylor* v. *Miller*, 2 Lea (Tenn.), 153; *Chase* v. *Jamestown St. Ry. Co.*, 60 Hun, 582, [15 N. Y. Supp. 35]; *Bollinger* v. *Bollinger*, 154 Cal. 695, 699, [99 Pac. 196].)

Judgment affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 4, 1919.

All the Justices concurred.