[L. A. No. 13706. In Bank.—August 30, 1933.]

CAPITAL BOND & INVESTMENT CO., Appellant, v. CLARA E. HOOD et al., Respondents.

730

Elliott H. Barrett for Appellant.

Silk & Ratner for Respondents.

SHENK, J.—Appeal by the plaintiff from an order setting aside a decree of foreclosure of street bonds.

The plaintiff was the holder of two street assessment bonds issued by the city of Los Angeles pursuant to proceedings taken under the 1911 Street Improvement Act. One bond was issued on May 13, 1921, and was made a lien on lot 20 of Tract 3263. The other bond was issued on November 20, 1924, and was made a lien on a lot in another tract, to wit, lot 30 of Tract 3440.

On October 31, 1929, the plaintiff sued to foreclose both bonds. The complaint sets forth a single cause of action. In it both bonds are described and it is alleged that all the defendants, sued under fictitious names, are the owners of said lots and that both bonds constitute liens on both lots. Without segregating the sums due on each bond it is alleged that the defendants are in default in the payment of said bonds in the total sum of $453.14. The plaintiff prayed that the bonds be foreclosed; that the property be

sold to satisfy the indebtedness and for attorney's fees and costs.

The defendants were served with summons and defaulted. Judgment was entered on August 23, 1930, foreclosing the bonds as prayed, fixing attorney's fees and taxing costs. A commissioner was appointed, a sale was decreed and the lots were sold *en masse*. After the time for redemption had expired, and in January, 1932, one of the defendants, the Pacific Construction Finance Company, moved to set aside the judgment on the ground that the same was void on its face. The motion was granted and the plaintiff appeals.

On the hearing of the motion it was first disclosed that when the action was commenced the Pacific Construction Finance Company was the owner of lot 30 and its co-defendant was the owner of lot 20. This fact is not disclosed by the judgment-roll. ■ In cases such as the one now presented we must look solely to the judgment-roll to determine its validity. (*Crouch* v. *H. L. Miller & Co.*, 169 Cal. 341 [146 Pac. 880] ; 15 Cal. Jur., p. 59.)

■ Attached to the complaint and made a part thereof are copies of the bonds involved herein. The bond on lot 20 was issued prior to the amendment in 1921 of the act of 1911 permitting the foreclosure of such bonds by court action and the allowance of attorney's fees therein. As to this bond the court was without jurisdiction to entertain an action to foreclose the same. (*Jeffreys* v. *Point Richmond Canal etc. Co.*, 202 Cal. 290 [260 Pac. 548].) When the court entered a judgment of foreclosure of this bond and the sale of lot 20 it had no jurisdiction of the subject matter. Its action in this respect was not an error in the exercise of its jurisdiction, and the rule of *Cohen* v. *Cohen*, 150 Cal. 99 [88 Pac. 267, 11 Ann. Cas. 520], and other cases to like effect, is not applicable. Here the court was without power to act in foreclosing said bond and its judgment in so doing was void.

■ It is argued that the court had jurisdiction to order the foreclosure as to lot 30, and, therefore, that the judgment as to that lot is not subject to attack herein. But this is not a case where that portion of the judgment which the court had jurisdiction to order may be separated from the void portion and the judgment be immune from attack

as to the valid part. (See Freeman on Judgments, 5th ed., vol. 1, pp. 647–649, sec. 324.) Here the judgment-roll declares that the defendants own both lots; the amounts due on both bonds are lumped as one sum, and no segregation is made as to the liability chargeable to each lot; the total sum was declared a lien on both lots; the lots were sold without segregation, and attorney's fees and costs of foreclosure were allowed as to both, also in a lump sum. Under these circumstances the charges for the unauthorized foreclosure must be held to have been imposed upon the Pacific Construction Finance Company to its prejudice and unlawfully. Since the void portion of the judgment cannot be separated from the valid portion, the entire judgment on the record here presented is void on its face. As such it may be set aside by the court at any time. (*Baird* v. *Smith*, 216 Cal. 408, 410 [14 Pac. (2d) 749]; 15 Cal. Jur., p. 55.) The motion was therefore properly granted.

· The order is affirmed.

Seawell, J., Waste, C. J., Langdon, J., Curtis, J., and Tyler, J., *pro tem.*, concurred.

PRESTON, J., Dissenting.—I dissent.

The complaint was to foreclose six street bonds, each of a different series, and four tracts of realty are described therein. The moving party herein was served as a defendant by a fictitious name. It defaulted and judgment passed for foreclosure of two of the six bonds. The fact that each of the bonds was a lien upon a separate tract is ignored. The decree foreclosed both bonds as though each bond was a lien on both tracts. Petitioner did not redeem or attempt to redeem the lot in which alone it was interested. It waited until after the period of redemption, and now, since the lot has for some reason become valuable (perhaps it may have a building on it) petitioner comes in and says the decree is void on its face because it included two bonds, one of which could not be foreclosed and, moreover, was never a lien on the lot sold and here involved. Now the lot was subject to sale for the proper amount; that gave the court jurisdiction to act and decree a sale. The debt for which it was sold was simply in excess of the just amount

due. Petitioner did not object by appearing, but suffered default and never even essayed to redeem. Personally I think it should not be heard to claim the absence of jurisdiction.