266 So.2d 385 (1972)
Virginia Ann WALKER, Appellant,
v.
Larry J. WALKER, Appellee.
No. R-86.
District Court of Appeal of Florida, First District.
September 19, 1972.
R. Craig Hemphill, of Duszlak & Hemphill, Jacksonville, for appellant.
John Paul Howard, of Towers, Howard, Cowart & Bolling, Jacksonville, for appellee.
WIGGINTON, Judge.
Plaintiff seeks review of an adverse final judgment rendered in a bastardy proceeding brought by her pursuant to the provisions of F.S. Chapter 742, F.S.A. The sole issue to be determined concerns the validity vel non of a release given by plaintiff-mother to defendant-putative father shortly after birth of the illegitimate child whose right to support is involved in this case.
The facts of the controversy are not in serious dispute. Plaintiff and defendant were once married to each other, which marriage terminated in a divorce on February *386 23, 1965. Commencing in May, 1965, the parties began discussions looking to a reconciliation of their differences and remarriage. As an incident to these negotiations, defendant commenced spending weekends with plaintiff in her home, during which they shared the same bed and regularly engaged in acts of sexual intercourse. This relationship continued until some time during the month of October, 1965, when plaintiff learned that she was pregnant. Upon advising defendant of this fact, he immediately ceased his courtship of plaintiff and disclaimed any further interest in remarriage.
Prior to the birth of plaintiff's child she and defendant entered into a written agreement by which he contracted to pay plaintiff the sum of $462.00, in consideration for which she agreed to execute a full release of all claims and demands against him. Admittedly, the amount which defendant agreed to pay was the exact sum needed to defray the hospital and other medical expenses incident to the anticipated birth of their child which subsequently occurred on June 8, 1966. No part of this consideration was for the child's future support. Upon payment by defendant on July 15, 1966, of the final installment required of him under the agreement of May 10, 1966, plaintiff executed a formal written release by which she purported to acquit and forever discharge him from all claims and demands of any nature on account of the birth of their child.
The action sub judice was instituted by the filing of a complaint on July 2, 1970. Defendant's answer interposed the dual defenses of statute of limitations and release. In addition to the uncontroverted facts related above, plaintiff testified that she did not have sexual relations with any man other than defendant from May, 1965, when they started spending weekends together following their divorce, to June 8, 1966, when her daughter was born, and that the daughter is the illegitimate child of defendant. No testimony or evidence concerning paternity was adduced by defendant to dispute that offered by plaintiff.
By the judgment appealed herein the trial court correctly found that defendant had been living outside of Florida for a sufficient length of time to toll the running of the statute of limitations so this defense was rejected. We agree.
With regard to the defense of release the trial court observed that if prior to execution of the release defendant had been adjudged or acknowledged to be the father of plaintiff's illegitimate child, then the release signed by her would be invalid and ineffectual as a bar to this action. Such view gives recognition to the principle adhered to by a respectable line of authority which holds that an illegitimate child's right to support from its putative father cannot be contracted away by its mother, and that any release executed by her is invalid to the extent that it purports to affect the rights of the child. We approve and adopt this view even though there is authority to the contrary.[1]
In the judgment appealed it is held, however, that because at the time the release was executed defendant had not been adjudged or acknowledged to be the father of the child, the release was not a settlement of the wife's absolute right to support for the child but only a settlement of her possible right to claim support upon trial and judgment of paternity. It was upon this conclusion that judgment was entered in favor of defendant.
The foregoing holding by the trial court finds support in decisions rendered by the courts of some of our sister states.[2] Upon careful analysis we are of the view that the reasoning which leads to the foregoing conclusion is specious, unsupportable, and so lacking in the basic essentials *387 of due process of law that it cannot be sustained. If, as held by the trial court, the release in question would be void and no bar to this action if at the time of its execution defendant had been the acknowledged father of the child, we can perceive of no sound reason why the same principle would not apply even though defendant was the unacknowledged father at the time of execution of the release.[3] Any rule of law which permits recovery of child support by the mother of an acknowledged illegitimate child from a putative father but denies recovery in the case of an unacknowledged illegitimate child under similar circumstances would be unconstitutionally discriminatory as a denial of due process of law.
The Supreme Court of the United States in two separate decisions has declared statutes to be unconstitutionally discriminatory which grant recovery to acknowledged illegitimate dependent children but deny recovery to unacknowledged illegitimate children under the same factual circumstances.[4] The Supreme Court held invalid as denying equal protection of the law a state death-by-wrongful-act statute which barred an illegitimate child from recovery for the wrongful death of its mother when recovery by legitimate children was authorized. The rationale of the decision embraced the view that the fact of a child's birth out of wedlock bore no reasonable relation to the purpose of wrongful-death statutes which compensate children for the wrongful death of a parent.
Similarly, in Weber v. Aetna Casualty & Surety Co.[5] the Supreme Court held invalid a state workmen's compensation statute which permitted recovery on an equal basis by acknowledged illegitimate children of compensation for the death of their putative father but relegated to a more unfavorable status unacknowledged illegitimate children whose right to recovery was severely limited. In expressing the public policy underlying its decision, the court said:
"The status of illegitimacy has expressed through the ages society's condemnation of irresponsible liaisons beyond the bonds of marriage. But visiting this condemnation on the head of an infant is illogical and unjust. Moreover, imposing disabilities on the illegitimate child is contrary to the basic concept of our system that legal burdens should bear some relationship to individual responsibility or wrongdoing. Obviously, no child is responsible for his birth and penalizing the illegitimate child is an ineffectual  as well as an unjust  way of deterring the parent. Courts are powerless to prevent the social opprobrium suffered by these hapless children, but the Equal Protection Clause does enable us to strike down discriminatory laws relating to status of birth where  as in this case  the classification is justified by no legitimate state interest, compelling or otherwise."
If statutes which grant to acknowledged but deny to unacknowledged illegitimate children the right to recover for the loss of support by a putative father are invalid as denying equal protection of the law, then a court-made rule of law which purports to have the same effect would likewise be constitutionally impermissible.
We recognize the general rule that a release properly executed by a competent party will be enforced according to its terms unless shown to have been procured by fraud, mistake, coercion, duress, or for an inadequate consideration. Such general rule is subject to modification, however, when, as here, the rights of a helpless child are directly involved and no sufficient *388 amount for child support is included in the consideration paid for the release.
It is therefore our conclusion, and we so hold, that the judgment appealed herein should be and it is reversed and the cause remanded to the trial court with directions that an appropriate judgment be rendered on the record in accordance with the views expressed herein.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.
NOTES
[1] 10 Am.Jur.2d 917-918, Bastards, § 98.
[2] See cases collected in 84 A.L.R.2d 530, et seq.
[3] Fernandez v. Aburrea, (1919) 42 Cal. App. 131, 183 P. 366; Stevens v. Kelley, (1943) 57 Cal. App.2d 318, 134 P.2d 56.
[4] Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436.
[5] Weber v. Aetna Casualty & Surety Co., 406 U.S. 134, 92 S.Ct. 1400, 31 L.Ed.2d 768, 779.