805 So.2d 1112 (2002)
Tamara BUDNICK, Appellant,
v.
Frederick SILVERMAN, Appellee.
No. 4D00-4032.
District Court of Appeal of Florida, Fourth District.
February 6, 2002.
*1113 Tracy B. Newmark, August La Rocco and Terry Ellen Fixel of Fixel & La Rocco, Hollywood, for appellant.
Cynthia L. Greene of the Law Offices of Cynthia L. Greene, P.A., Miami, and the Law Offices of Andrew M. Leinoff & Associates, P.A., Miami, for appellee.

ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
We deny the motions for rehearing and rehearing en banc. However, we withdraw our previously issued opinion and substitute the following in its place.
The Petitioner, Tamara Budnick, and the Respondent, Frederick Silverman, entered into a Preconception Agreement in 1987. The Petitioner's stated purpose for the agreement was that she wanted the Respondent to be the biological father of her child, whom she wanted to conceive by the "usual and customary manner." She did not want to become pregnant through artificial insemination or adopt a child.
The agreement stated that if the Petitioner became pregnant by having sex with the Respondent then she would be the sole custodian and she would pay for any expenses. The Petitioner also agreed not to tell anyone that the Respondent was the father, not to put his name on the birth certificate, and not to initiate a paternity action against the Respondent. In short, the Petitioner agreed not to identify the Respondent as the father or burden him with the responsibilities of being a father in any way.
The agreement further stated that if the Petitioner did not fulfill or strictly adhere to this agreement, Respondent had the discretion to "assume full and complete and permanent custody and guardianship of the child of this pregnancy."
Petitioner gave birth to a child as a result of this relationship on April 6, 1989. In September of 1999, she filed a Petition for Determination of Paternity, Sole Parental Responsibility, Child Support and Attorney's Fees and Costs. She moved for partial summary judgment claiming that the agreement was not cognizable under Florida law and was against public policy. Seeking to enforce the terms of the agreement, the Respondent also moved for summary judgment. The trial court granted summary judgment in the Respondent's favor. It further held that Petitioner's claim for child support arrearage was barred by the doctrine of laches. The Petitioner appeals.
Florida courts have held that agreements relieving a parent of the duty to support are void as against public policy. See Warrick v. Hender, 198 So.2d 348, 351 (Fla. 4th DCA 1967); see also Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979); Gammon v. Cobb, 335 So.2d 261 (Fla.1976); Shinall v. Pergeorelis, 325 So.2d 431 (Fla. 1st DCA 1975); Walker v. Walker, 266 So.2d 385 (Fla. 1st DCA 1972). The rights of support and meaningful relationship belong to the child, not the parent; therefore, neither parent can bargain away those rights.
In the Respondent's motion for rehearing, he argues that this decision is inconsistent with our previous opinions in Warrick, 198 So.2d 348, and Lester v. Lester, 736 So.2d 1257 (Fla. 4th DCA 1999). We find that they do not conflict. Both cases involved temporary contracts or agreements between the parents regarding support which did not affect the best interests *1114 of the child. The total abdication of parental responsibility present in the instant Preconception Agreement cannot be said to protect the best interests of the child.
The Respondent further contends that he is not the natural father but merely a sperm donor under section 742.14 of the Florida Statutes (2001). Under that section, the donor is legally bound to give away any rights as a parent. However, the legislative act which created section 742.14 concerned "reproductive technology." See Ch. 93-237, Preamble, at 2405, Laws of Fla. Impregnation by the "usual and customary manner" has been around long enough so that it does not constitute "reproductive technology." Therefore, we do not read section 742.14 to apply to a conception that happened the old-fashioned way.
The Respondent also contends that the doctrine of laches bars Petitioner's claim for child support. The trial court found that the delay between the child's birth and the claim deprived the Respondent of his rights because he had relied on the agreement during this time. To establish the defense of laches, the Respondent must show lack of knowledge that the Petitioner would assert the right upon which the lawsuit is based. Here, the Respondent went to great lengths to prevent paying child support including the provision that he could take the child if the Petitioner did not comply with the agreement. Such stiff measures strongly suggest that the Respondent expected the Petitioner to try to gain child support at some point in the future. Furthermore, time alone is not enough to establish a claim on the doctrine of laches. See Tower v. Moskowitz, 262 So.2d 276, 279 (Fla. 3d DCA 1972).
We remand to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GUNTHER, WARNER and GROSS, JJ., concur.