[Civ. No. 999.　Second Appellate District.—October 2, 1911.]

GEORGE REEG, Appellant, v. MRS. L. M. McARTHUR and C. W. McARTHUR, Respondents.

CONTRACT TO EXCHANGE LAND—HUSBAND AND WIFE AS PARTIES—AGREEMENT BY HUSBAND FOR NOTE TO GUARANTEE PROCEEDS OF SALE OF PERSONALTY—WIFE NOT LIABLE AS GUARANTOR OF NOTE.—Where a contract for the exchange of real property for other real property was signed by the husband and his wife, and it was agreed between the exchanging parties that the husband should execute a note for $500 to guarantee that the proceeds of the sale of personal property on his land should reach that sum, the only liability of the wife would be in case of the failure of the husband to execute such note, and where he executes the same, she cannot be held as a guarantor of the payment of the note.

ID.—COUNT UPON NOTE—DEMURRER OF WIFE PROPERLY SUSTAINED.—Where in a count of the complaint upon the note of the husband the wife was joined as a party defendant with him, a demurrer of the wife to such count as stating no cause of action against her was properly sustained by the court.

ID.—COUNTS UPON CLAIMS FOR MONEYS DUE NOT AGGREGATING $300—DEMURRER OF WIFE TO JURISDICTION.—Where the other counts of the complaint under the contract for the exchange of the properties were upon a claim for moneys due as interest on a mortgage, unpaid taxes, etc., which aggregated a sum less than $300, a demurrer of the wife to such counts for want of jurisdiction in the superior court thereof was properly sustained.

ID.—PROPER REFUSAL OF LEAVE TO AMEND.—The court properly refused leave to amend the complaint upon either of the counts of the complaint, for the reason that it manifestly appeared that no cause of action could be stated against the wife thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County.　Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Hanson, Hackler & Heath, for Appellant.

M. E. C. Munday, for Respondents.

JAMES, J.—This action was brought by plaintiff to recover certain sums of money from the defendants, separate

causes of action being set forth in four different counts in the amended complaint. These alleged causes of action were founded upon an agreement entered into between plaintiff and defendants whereby certain real property in the state of Minnesota belonging to C. W. McArthur was agreed to be exchanged for certain real property belonging to one Mary K. Reeg, which was located in the county of Los Angeles. The plaintiff George Reeg prosecuted this action as the assignee of the said Mary K. Reeg. A demurrer to the amended complaint interposed on behalf of defendant Mrs. L. M. McArthur was sustained by the court without leave to amend, and judgment followed accordingly. From this judgment plaintiff appeals.

The agreement for the exchange of the real property is attached to the amended complaint as an exhibit, and recites the conditions which were to affect the transaction. Among other things, it is provided that the title to the land of C. W. McArthur was to be conveyed clear, except that a certain mortgage of $3,000 was to be assumed by Mary K. Reeg, and the following condition was then inserted in the agreement: "Said C. W. McArthur to execute a note for $500 payable on or before 1 yr. after date. Said note is to be given as a guarantee that she [meaning Mary K. Reeg] will receive $500 out of person property such as hay, grain, horse and buggy and amt. of rent still due from tenant, all of which is now on the 1st above des. piece of property." The agreement was signed by C. W. McArthur, the latter also affixing the name of L. M. McArthur thereto, which we must assume was done with authority of the latter. The first cause of action set out in the complaint refers to the matter of price obtained for the personal property, and it is there alleged that $40 was all that Mary K. Reeg received upon a sale of said personal property, leaving a balance of $460, which it was alleged was due from defendants on that account. In the cause of action referred to it is alleged that the defendant C. W. McArthur executed the $500 note in accordance with the terms of the agreement. If the defendant Mrs. L. M. McArthur had any liability imposed upon her with respect to this promissory note, it was only a liability which might accrue upon the failure of C. W. McArthur to execute the

note which he had agreed to execute.  Under none of the conditions stated in the writing can it be said that Mrs. L. M. McArthur became a guarantor of the payment of the note of C. W. McArthur.  The amended complaint, therefore, considering the first count thereof alone, stated no cause of action against defendant L. M. McArthur, and the demurrer thereto was properly sustained by the court.

In the other three counts of the amended complaint plaintiff made claim for certain moneys alleged to be due as interest on a mortgage, unpaid taxes, etc.  The aggregate money demand of said causes of action did not amount to the sum of $300, and, therefore, the superior court had no jurisdiction to entertain them.  By the demurrer interposed by defendant L. M. McArthur the ground of want of jurisdiction was assigned as an objection; and with the first cause of action eliminated from consideration, as it must be for the reasons we have stated, the demurrer was properly sustained on the latter ground also.

There was no error in the order made by the court denying plaintiff leave to amend, for the reason that it manifestly appeared that by no amendment could a sufficient cause of action be stated against Mrs. L. M. McArthur of which the superior court had jurisdiction.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.