[Civ. No. 3018. Second Appellate District, Division Two.—November 21, 1919.]

ESTHER McLAIN, Respondent, v. RUSH MEADOWS, Appellant.

[1] PARENT AND CHILD—LIABILITY OF FATHER TO SUPPORT ILLEGITI-MATE CHILD.—An action may be brought to compel the father of an illegitimate child to contribute to its support, notwithstanding the child was conceived and born before the enactment of section 196a of the Civil Code.

[2] ID.—PLEADING—PARTIES—RIGHT OF ACTION BY MOTHER IN OWN NAME.—Under section 196a of the Civil Code, the mother of an illegitimate child may bring an action in her own name on behalf of the child to compel the father to contribute to its support.

[3] ID.—MINORITY OF FATHER IMMATERIAL.—The fact that the father of an illegitimate child is a minor does not relieve him from lia-bility for the child's support.

APPEAL from a judgment of the Superior Court of Los Angeles County. J. P. Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Davis & Rush and John S. Cooper for Appellant.

W. C. Shelton for Respondent.

FINLAYSON, P. J.—In this action, brought under sec-tion 196a of the Civil Code, the mother of an illegitimate child sues the father to compel him to contribute to the child's support. From a judgment for plaintiff, defendant appeals.

[1] Section 196a, added to the code by the statute of May 22, 1913 (Stats. 1913, p. 218), reads: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, and in such action the court shall have power to order and en-force performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

The child was born March 28, 1913. Defendant himself is a minor, though subsequent to the commencement of the action he took unto himself a wife and is now a married man.

It is contended that, because the child was conceived and born before the legislature enacted any legislation making the father of an illegitimate child liable for its support, defendant cannot be held liable without giving the statute a retroactive effect. This objection is based upon a misconception of the purpose and nature of the action and of the code provision under which it is brought. By the great weight of authority—with which we agree—the proceeding is civil, not criminal, and its object is not the imposition of a penalty for an immoral act, but merely to compel the father to provide for the support and education of his offspring and thus keep it from being a charge upon the community. In the absence of any legislation creating a legal liability, there rests upon the parents of an illegitimate child a natural obligation to support it; and a statutory provision such as that contained in section 196a, adding legal sanction to the parents' natural and moral obligation, is an enactment in the exercise of the state's police power to compel those who are responsible for the child's existence to bear the burden of the expense that its existence necessitates. (*State* v. *Addington,* 143 N. C. 683, [11 Ann. Cas. 314, and note on p. 316 et seq., 57 S. E. 398]; *State* v. *Pickering,* 29 S. D. 207, [40 L. R. A. (N. S.) 144, 136 N. W. 105]; 7 C. J. 967.) Such a statute does not attempt to punish the parent for his past conduct. It does not attempt to punish him for begetting the child or for neglecting to support it before the enactment took effect. What it does do is to require the father, and the mother also, from the time the statute became a law, to contribute to the child's support and maintenance, thus relieving others upon whom otherwise the burden might chance to fall. This the legislature may do, and it is entirely inconsequential that the child was conceived or born before the statute became a law. Regardless of when the child was conceived or born, the statute makes it the present legal duty of the father to support it. It is to enforce that present legal duty, and none other, that the action is brought. (*Libby* v. *State,* 42 Okl. 603, [142 Pac. 406]; *Commonwealth*

v. *Callahan,* 223 Mass. 150, [111· N. E. 773]; *Wamsley* v. *People,* 64 Colo: 521, [173 Pac. 425]. See, also, *Gambetta* v. *Gambetta,* 30 Cal. App. 261, [157 Pac. 1141]; *People* v. *Stanley,* 33 Cal. App. 624, [166 Pac. 596]; and *Fernandez* v. *Aburrea,* 42 Cal. App. 131, [183 Pac. 366]—cases in which the child was born or conceived before the statute became operative.)

[2] Equally without merit is the point urged that the action was not brought by the proper party plaintiff. The statute authorizes the mother to maintain the action in her name on behalf of the child. (*Gambetta* v. *Gambetta, supra; Fernandez* v. *Aburrea, supra.*)

[3] Appellant's next contention is that because he is a minor he is not liable for the support of his illegitimate child. At the time when the judgment was entered defendant had married. Thus he had become emancipated from parental authority. (Civ. Code, sec. 204.) From thence on neither of his parents was entitled to his services nor his earnings, all of which he was free to devote to the support of himself, his lawful wife and his illegitimate child by this plaintiff. Section 196a contains no exemption in favor of parents who may be minors. If the father of an illegitimate child, though a minor, is able to pay for his child's support, there is no reason why he should not be compelled to do so, and the section makes no exception in his behalf. His liability is not contractual; it is imposed by statute, and we know of no law that purports to exempt him from the obligation imposed upon him by the salutary provisions of this code section.

No other points are urged of sufficient merit to warrant discussion.

Judgment affirmed.

Sloane, J., and Thomas, J., concurred.