[Civ. No. 3104.   First Appellate District, Division One.—January 9, 1920.]

## LILLY DEMARTINI, Appellant, v. FRANK MARINI, Respondent.

[1] PARENT AND CHILD—SUPPORT AND MAINTENANCE OF ILLEGITIMATE CHILD—EXPENDITURES BY MOTHER—REIMBURSEMENT BY FATHER.— Under section 196a of the Civil Code, the father, and the mother also, of an illegitimate child are required to contribute to its support and maintenance; and when the mother has provided the child with such support, no right of action accrues to her by which she may, in turn, compel the father to reimburse her for the expenditure. The action authorized by the section is merely one which may be maintained, in behalf of the minor illegitimate child, to compel the father to do that which the law imposes, but which the father is neglecting to do.

[2] ID.—JURISDICTION OF SUPERIOR COURT—PLEADING—EFFICACY OF PRAYER.—In an action by the mother against the father of a deceased illegitimate child based on its care, maintenance, and support, medical and nursing services rendered and funeral expenses incurred, the superior court is without jurisdiction if the aggregate amount of plaintiff's claim over which any controversy may exist does not bring her demand within the jurisdictional amount of the superior court, notwithstanding the prayer of the complaint demands judgment for such an amount.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph L. Taaffe and Devoto, Richardson & Devoto for Appellant.

Robert P. Troy and Daniel A. Ryan for Respondent.

WASTE, P. J.—Plaintiff, an unmarried woman, brought this action against the defendant, alleging him to be the father of her illegitimate child, which died on September 9, 1918. Demurrer to the amended complaint was sustained without leave to amend. From the judgment thereupon entered in favor of the defendant, the plaintiff appeals.

The complaint is in four counts. The first is for the sum of $62.50, "for the care, maintenance, and support of said child during its life, the reasonable value of which" is alleged to be the sum of twenty-five dollars per month, and for five dollars paid by plaintiff for hospital expense for the child. The second count is for $142.50, the reasonable value of medical service alleged to have been "necessary in the care, maintenance, and support of the child." The third count is for twenty dollars for the service of a trained nurse for the child during its last illness. The fourth count is for $118 funeral expenses incurred in the burial of the child.

In each of the counts, except the first, the ability of the defendant, and the lack of ability of the plaintiff, to pay for the services is alleged. In each of the last three counts it is also alleged that "for a valuable consideration" the party rendering the service assigned the claim to plaintiff, "who is now the owner and holder thereof."

[1] Appellant contends that defendant, as father of the child, is liable for the respective amounts set forth in the complaint, under section 196a of the Civil Code, which reads as follows: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

Under this section the father, and the mother also, are required to contribute to the child's support and maintenance, thus relieving others upon whom the burden might fall. (*McLain* v. *Meadows*, 44 Cal. App. 402, [186 Pac. 411].) When the mother has provided the child with such support, no right of action accrues to her by which she may, in turn, compel the father to reimburse her for the expenditure. The action authorized by the section is merely one which may be maintained, in behalf of the minor illegitimate child, to compel the father to do for it that which the law imposes, but which the father is neglecting to do. Consequently, the plaintiff did not state a cause of action in the first count

of her complaint, and under the facts alleged cannot. The demurrer thereto was properly sustained by the court.

[2] Assuming, but not deciding, that the other three counts are good, the aggregate amount of plaintiff's claim over which any controversy may exist does not bring her demand within the jurisdictional amount of the superior court. Appellant is mistaken in her contention that the sum demanded in the prayer of the complaint is the final test of jurisdiction. None of the cases cited by her, and none ever called to our attention, go to the length of holding that the prayer, irrespective of the allegations of the complaint, concludes an examination into the real amount in controversy. (*Lehnhardt* v. *Jennings*, 119 Cal. 192, 199, [48 Pac. 56, 51 Pac. 195]; *Reeg* v. *McArthur*, 17 Cal. App. 203, [119 Pac. 105].) The demurrer interposed to the complaint assigned want of jurisdiction as one of the grounds. With the first cause of action eliminated from consideration, as it must be for the reason stated, the court below was correct in refusing to entertain jurisdiction of the action, and properly sustained the demurrer without leave to amend.

There was no error in the order denying plaintiff leave to amend, for the reason plaintiff cannot state a sufficient cause of action against defendant on the facts contained in her first count. Without it she cannot bring her cause of action within the jurisdiction of the superior court.

The judgment is affirmed.

Knight, J., *pro tem.*, and Richards, J., concurred.