[Civ. No. 3181.   Third Appellate District.—January 18, 1927.]

## ALMEDA MATHEWS, Respondent, v. WILLIAM HORNBECK, Appellant.

[1] PARENT AND CHILD — SUPPORT OF ILLEGITIMATE CHILD — ISSUES — EVIDENCE—APPEAL.—In this action by the mother of an illegitimate child to compel support thereof by the alleged father, there having been a clear and substantial conflict in the evidence relating to the issues presented on appeal, the findings of the trial court were conclusive.

[2] ID.—PARTIES—ACTION BY MOTHER.—The mother of an illegitimate child is authorized to maintain an action in her own name in behalf of her child to compel the father of said child to support it.

[3] ID.—JUDGMENT—SUPPORT OF CHILD FROM DATE OF COMPLAINT.— As a general rule a judgment must be based upon the respective rights of the parties as they exist at the commencement of the action to enforce them; and in an action by the mother of an illegitimate child to compel support thereof by the father, a judg-

---

2.   See 13 Cal. Jur. 936; 3 R. C. L. 751.

ment requiring the father to pay for the support of the child from the time the complaint was filed is not erroneous.

[4] ID.—NOTICE OF MOTION TO SET—FAILURE TO DEMAND JURY—SUB-SEQUENT MOTION FOR JURY TRIAL — DISCRETION. — Where defendant's counsel has due notice of the time at which the case will be called to be set for trial, and at the time noticed he fails to demand a jury trial and the case is set for trial by the court without a jury, it is not an abuse of discretion to deny defendant's subsequent motion, through substituted counsel, to reset the case for trial in a jury department, where such motion is based upon the alleged inadvertence and neglect of the former counsel in failing to request a jury trial, but the affidavit of defendant does not state that he informed his former counsel of his desire for a jury trial.

[5] ID.—EVIDENCE—PATERNITY—PRODUCTION OF CHILD IN COURT.—In an action by the mother of an illegitimate child to compel support thereof by the alleged father, it is not error to permit the child to be produced in court for the purpose of showing its resemblance to the defendant.

[6] ID. — PRESUMPTION OF LEGITIMACY — COHABITATION WITH HUS-BAND—EVIDENCE.—In an action by the mother of an illegitimate child to compel support thereof by the alleged father, the provision of subdivision 5 of section 1962 of the Code of Civil Procedure that "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate," is not applicable, where the uncontradicted evidence shows that plaintiff was not cohabiting with her husband for more than two years prior to the birth of said child.

(1) 4 C. J., p. 883, n. 33.   (2) 7 C. J., p. 972, n. 25.   (3) 7 C. J., p. 967, n. 56, p. 1001, n. 69; 34 C. J., p. 508, n. 93.   (4) 35 C. J., p. 210, n. 3.   (5) 7 C. J., p. 993, n. 44.   (6) 7 C. J., p. 942, n. 36.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

Robert A. Morton for Appellant.

Cooper, Collings & Shreve for Respondent.

4. See 15 Cal. Jur. 346; 16 R. C. L. 219.
5. See 13 Cal. Jur. 928.
6. See 13 Cal. Jur. 921; 3 R. C. L. 727.

FINCH, P. J.—Plaintiff brought this action to compel the defendant to support her illegitimate minor child. The court found that the defendant is the father of the child and rendered judgment requiring him to pay the plaintiff $25 a month, commencing with the day the complaint was filed, for the maintenance and support of the child. The defendant has appealed from the judgment.

Both parties testified that they indulged in frequent acts of sexual intercourse during a period of several months. The defendant testified that such acts ceased June 13, 1922. The plaintiff testified that they continued until in September, 1922, and that she had not had sexual intercourse with anyone but the defendant at any time after August, 1920, when she separated from her husband. The child was born May 31, 1923. The testimony of both parties was corroborated to some extent and each introduced evidence tending to discredit the testimony of the other. [1] There is a clear and substantial conflict in the evidence relating to the issues in question on this appeal and therefore the findings of the trial court are conclusive.

[2] Appellant contends that the plaintiff is not authorized to maintain the action in her own name in behalf of her child. The courts of this state have held contrary to such contention. (*Fernandez* v. *Aburrea*, 42 Cal. App. 131 [183 Pac. 366]; *McLain* v. *Meadows*, 44 Cal. App. 402 [186 Pac. 411].)

[3] The action was commenced December 18, 1923, and judgment was rendered July 28, 1924. The judgment requires the defendant to pay the plaintiff $25 a month, "dating from the 18th day of December, 1923," for the support of the child. Appellant contends that the judgment is erroneous in the requirement that he pay for the child's support from the time the complaint was filed, citing *Demartini* v. *Marini*, 45 Cal. App. 418 [187 Pac. 985]. That case merely holds that if the mother provides the child with support, no cause of action for reimbursement accrues against the father. The alleged expenditures were made before the action was commenced. In *Fernandez* v. *Aburrea*, *supra*, the judgment required payment of $115 "for the support of the child from the date of the filing of the action until the entry of judgment, and for the further sum of $15 per month thereafter." While the point here made was not

discussed by the court in that case, the judgments in both cases are based upon what appears to be a reasonable interpretation of the provisions of section 196a of the Civil Code, making the father as well as the mother of an illegitimate child liable for its support and education. As a general rule a judgment must be based upon the respective rights of the parties as they exist at the commencement of an action to enforce them. At the time this action was commenced it was the legal duty of the defendant to support the child. Under such circumstances, a defendant ought not to be relieved from the discharge of a part of such duty by the delays incident to litigation. The mother's credit in the purchase of necessaries for the support of the child is greater by reason of the fact that the father may be compelled to contribute to the child's maintenance. The purpose of the statute is to provide for the child's support. In many cases this purpose would be defeated during the time when most needed if it were held that the father can permanently escape his obligation during the months or years between the commencement of an action against him and the entry of final judgment therein. If appellant's contention be upheld, then this case, which has been pending for more than three years, must be retried. If the appellant could keep the case in court long enough, final judgment would not be entered until the child had reached its majority, in which case appellant, if his contention be sound, would escape his obligation entirely.

[4] The defendant's counsel had due notice of the time at which the case would be called to be set for trial. At the time noticed, he failed to demand a jury trial and the case was set for trial by the court without a jury. Some time thereafter defendant employed other counsel, who presented to the court the affidavit of the defendant to the effect that "without the knowledge of defendant and against his wish and desire" the attorney who represented him at the time the case was called to be set, "through inadvertence or neglect," failed to request a jury trial; that as soon as defendant learned that fact he discharged the attorney and employed other counsel. Affiant does not state that he informed his former attorney of his desire for a jury trial. Based on this affidavit, counsel so employed moved the court to reset the case for trial in a jury department. The court

denied the motion. Section 631 of the Code of Civil Procedure provides that a trial by jury is waived "by failing to announce that a jury is required, at the time the cause is first set upon the trial calendar if it be set upon notice." It was not error to deny the request for a jury trial under the circumstances stated. (*Amos* v. *Superior Court*, 196 Cal. 677, 680 [239 Pac. 317]; *City of Los Angeles* v. *Zeller*, 176 Cal. 194, 196 [167 Pac. 849]; *Bennett* v. *Hillman*, 37 Cal. App. 586, 589 [174 Pac. 362].) The congestion in the court calendars of the populous counties of this state has become a matter of state-wide notice and concern, and to permit a litigant, after having waived a jury trial, to require a jury by a subsequent demand would tend, in the language of the trial court, to "disrupt proceedings and would not be to the best interests of the trial court." Conceding that, as appellant contends, under the circumstances disclosed by the record, it was within the discretion of the trial court to grant the defendant's motion for a jury trial, no abuse of discretion is shown.

[5] The child was produced in court for the purpose of showing its resemblance to defendant. This was not error. (*People* v. *Richardson*, 161 Cal. 552, 561 [120 Pac. 20]; *In re Jessup*, 81 Cal. 408, 418 [6 L. R. A. 594, 21 Pac. 976, 22 Pac. 742, 1028]; Wigmore on Evidence, secs. 166 and 1154.)

[6] Appellant relies upon subdivision 5 of section 1962 of the Code of Civil Procedure, which provides: "The issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate." The plaintiff was married to Ray McClure in the state of Indiana August 18, 1920. The marriage was annulled by a decree of the superior court of Los Angeles county entered March 13, 1923. The plaintiff testified: "I last lived with Ray McClure along in October, about the middle of October, I think it was, in the year 1920—no, I don't think I lived with him that long; I don't think we lived together over ten days or so. . . . We didn't live together over just about ten days or so. . . . Having my recollection refreshed by having the complaint shown me, I will state that the date of the separation there, the 28th day of August, 1920, is correct, as the date when I last lived with him as man and wife.". In addition to this testimony, the defendant himself intro-

duced in evidence the complaint in the annulment proceeding in which it is alleged that "on . . . the 28th day of August, 1920, . . . defendant wilfully and without cause deserted and abandoned said plaintiff and ever since has and still continues to so wilfully and without cause desert and abandon said plaintiff and to live separate and apart from her." No evidence was introduced in this action which tends in any manner to contradict the foregoing testimony of the plaintiff. It is sufficient to show that the plaintiff was not cohabiting with her husband at any time material to the issues in this case, and, therefore, the presumption upon which appellant relies is not applicable.

The remainder of appellant's argument is devoted to the weight of the evidence, a question with which this court has nothing to do.

The judgment is affirmed.

Preston, J., *pro tem.*, and Plummer, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 17. 1927.