[Civ. No. 10078. Second Appellate District, Division One.—March 20, 1936.]

M. L. RABBITT, Trustee in Bankruptcy, etc., Respondent, v. CARTHAGE MARBLE CORPORATION. OF MISSOURI (a Corporation), Appellant.

W. H. Douglass and Allen McReynolds for Appellant.

Daily & Gallaudet and Edward Gallaudet for Respondent.

ROTH, J., *pro tem.*—This action is brought by trustee in bankruptcy of the bankrupt estate of Inter-Mountain Marble Company, a corporation, which corporation for convenience will be referred to as "California corporation", to recover from defendant Carthage Marble Company of Missouri a balance of $2,250.21, with interest from August 28, 1931. California corporation had judgment and defendant appeals from same.

On or about December 7, 1929, California corporation entered into a written contract with defendant to do and perform certain work and services, for which defendant promised to pay to California corporation a sum in excess of $70,000. During the performance of the contract various amounts were paid by defendant to California corporation from time to time, and on July 17, 1931, there was a balance due from defendant to ·California corporation on account of said contract in the sum of $13,615.33 which defendant acknowledged. At the same time there was owing to defendant from a separate Utah corporation which had a name identical to that of the California corporation, the sum of $2,250.21. One Herbert A. Welch was at said time and had been for some time prior thereto, the president of the California corporation and the president of the Utah corporation. On the date mentioned, defendant requested Welch's permission to deduct $2,250.21, which the Utah corporation owed to defendant, from the $13,615.33 which the defendant admitted it owed to the California corporation. Defendant predicates its assertion that Welch agreed with the California corporation that this deduction should be made, upon a letter sent and signed by Welch dated August 5, 1931. This letter appears to be on the stationery of the Utah corporation. It was in fact mailed on that date from Salt Lake City, Utah. In order to narrow the issues at the trial, counsel entered into a written stipulation which provided in part as follows:

"(6) That the issues to be determined in this case are:

"(a) Plaintiff claims that the Carthage Marble Company never paid it in full, and that $2250.21 is yet due them on the contract, as Welch had no authority to make an agreement, if he did, with the Carthage Marble Company to deduct the

$2250.21 from the amount it owed to the Inter-Mountain Marble Company of California, in settlement of the debt due the Carthage Marble Company by the Inter-Mountain Marble Company of Utah.

"(b) The defendant claims that Welch did have authority, either actual or ostensible, to make the agreement and did make the agreement with the Carthage Marble Company whereby it was authorized to settle by deducting the amount due it from the Inter-Mountain Marble Company of Utah.

"(7) The above facts are stipulated to in order to limit the issues on the trial of this cause, and are stipulated to for the purpose of this trial only, and it is not intended in the stipulation to undertake or determine the authority of Welch, or the reasons for, or any matter connected with any alleged agreement for the deduction of the $2250.21 as herein stated."

The trial court found as a fact that the stipulation referred to, which included the excerpts quoted, was made, and further found that Welch had no actual or ostensible authority to make the alleged agreement. There is ample evidence to support the finding. ■ It is settled, of course, that if the evidence is conflicting and there is sufficient evidence to support the finding of the trial court, that that finding would be binding upon us. (*Carrier* v. *Piggly Wiggly of San Francisco,* 11 Cal. App. (2d) 180 [53 Pac. (2d) 400].) ■ There is, however, no evidence which would support a finding or warrant a conclusion that there was authority of any character in Welch to make such an agreement for the California corporation. The evidence in fact does not show that any agreement was ever made between the California corporation and defendant. The letter of August 5, 1931, upon which defendant bottoms its claim that an agreement was made, has no legal implications binding upon California corporation other than the fact that Welch, who was president of both corporations, signed it. Since the trial court found as a fact that Welch had no authority to bind the California corporation, the only legal implication that the letter in question could have is that Welch was attempting to act for the Utah corporation. The record affirmatively shows that the letter in question did not have the seal of the California corporation; that there was no resolution of the board of directors authorizing such an agreement, and that the president of the Cali-

fornia corporation had no authority under the by-laws to make it.

Defendant has attempted to inject a plethora of issues on this appeal which have no materiality to the fundamental point involved, and to which counsel by stipulation narrowed the actual trial of the case. The alleged facts upon which defendant now attempts to raise new issues were not raised in the trial court, are not included in the written stipulation filed, and are directly contrary to the oral declarations of defendant made to the trial court, as to what the issues were. In addition many of the facts now urged controversially are admitted by the pleadings. Under such circumstances, new issues of the character now urged and their legal implications or significance cannot be considered for the first time on appeal. (*Carrier* v. *Piggly Wiggly of San Francisco, supra; McKee* v. *Title Ins. & Tr. Co.*, 159 Cal. 206 [113 Pac. 140]; *Blanc* v. *Connor*, 167 Cal. 719 [141 Pac. 217]; *United States Farm Land Co.* v. *Darter*, 42 Cal. App. 292, 303 [183 Pac. 696]; *White* v. *City of San Diego*, 126 Cal. App. 501, 507 [14 Pac. (2d) 1062]; 6A Cal. Jur., p. 240.) We may add, however, that since the evidence shows affirmatively that no agreement was ever made by the California corporation, and that since Welch had no authority, actual, ostensible or otherwise, to make the agreement, even if it were made, for the California corporation, and that since there is no evidence which would justify a finding of estoppel or ratification by California corporation and no finding of either, and no evidence upon which ratification or estoppel would be found, that the legal questions now raised by defendant for the first time are without merit.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.