[Civ. No. 22141.   Second Dist., Div. One.   Jan. 23, 1957.]

VIOLA GUAY, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William M. Sternfeld for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel, for Respondent.

WHITE, P. J.—This is a petition for a writ of mandate directing respondent court to entertain and act upon an order to show cause now pending therein.

The record reflects that petitioner is the plaintiff in an action instituted against one Bruce Creighton wherein she seeks to establish that Creighton is the father of petitioner's unborn child.

In her petition it is alleged by petitioner that at the time of the commencement of her action she caused an order to

show cause to issue why Creighton should not pay attorneys fees, costs and allowance for the support of the child pending trial of the action, but was unable to obtain service of this order to show cause upon Creighton because he had departed from the state of California. By an amendment to the complaint, the Security-First National Bank, wherein Creighton had an account, was made a party defendant. Petitioner herein, as plaintiff in the action in the court below, therefore caused a second order to show cause to issue, directed to defendants Creighton and the bank to show cause why attorneys fees, court costs and allowance for the support of the minor child pendente lite should not be paid and why a receiver should not be appointed. By this order to show cause, the bank was restrained from permitting any moneys to be withdrawn by Creighton from his account with the bank.

There has never been any order for the publication of summons in the action or for substituted service of the order to show cause, but a copy of the order to show cause was mailed to an attorney in Denver, Colorado, who had written counsel for petitioner on behalf of the defendant Creighton.

When the aforesaid order to show cause came on for hearing, respondent court marked the matter "off calendar" as to defendant Creighton, issued an order restraining defendant bank from releasing any of the funds in Creighton's account, but refused to entertain or consider the motion for the appointment of a receiver of the property of defendant Creighton upon the ground that the court was without jurisdiction to appoint a receiver in the absence of personal service upon defendant Creighton.

Petitioner then applied for and obtained from this court an alternative writ of mandate directing respondent court to entertain petitioner's motion to appoint a receiver or to show cause why said court had not done so.

By its return to the writ, respondent court asserts that since in a filiation proceeding such as the one now engaging our attention, the court was required to make a finding that defendant Creighton was the father of the child as a prerequisite to ordering payment of support, costs and attorneys fees pendente lite, the court did not have the power to order a receiver appointed because parentage could not be established or determined without personal jurisdiction over defendant Creighton (*Hartford* v. *Superior Court*, 47 Cal.2d 447, 454 [304 P.2d 1]).

It is also urged by respondent court that it lacks jurisdiction to order the appointment of a receiver for the purpose

of securing the payment of hospital expenses to the expectant mother (*Andrade* v. *Newhouse,* 54 Cal.App.2d 339, 340, 347 [128 P.2d 927]).

Respondent court concedes that section 196a of the Civil Code provides in substance that the father as well as the mother of an illegitimate child is liable for his support; that a civil suit to enforce such obligation may be maintained on behalf of the minor; and that in such action the court shall have power to order and enforce the performance thereof "the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code." Since the enactment of section 196a, sections 137 through 141, Civil Code, have been amended by splitting up into separately numbered sections many of the provisions of section 137. There were no substantial changes in the provisions of the law, but the various provisions were recodified. Section 140, both before and after the amendment of 1951, specifically provides that the court may enforce any order made for payment under the provisions of section 137 et seq., by the appointment of a receiver.

It was specifically held in *Nichols* v. *Superior Court,* 1 Cal. 2d 589, 598 [36 P.2d 380], that where the defendant was absent from the state a receiver might be appointed *ex parte* at the commencement of the action and before any service of summons was made upon the defendant either in person or by publication. In *Carbone* v. *Superior Court,* 18 Cal.2d 768 [117 P.2d 872], it was held that the court has the same powers in bastardy proceedings as it has in divorce proceedings.

In *Nichols* v. *Superior Court, supra,* page 599, it was said: "If the court had jurisdiction to appoint a receiver and to subject the property in the hands of the receiver to the satisfaction of a final judgment in the action, we see no reason why it should not have the equal right to order payment from the same source of the preliminary expenses and charges of such action. In fact, if the court had jurisdiction to appoint a receiver to preserve the property for the protection of the wife's rights therein, and we think it clear that the court had such power, these preliminary costs and charges and temporary support for the wife were simply incidental to the main purpose of the action which was to establish the wife's right to a divorce, and to a division of the community property. It will be noticed that the order of May 2, 1931, for alimony, attorneys' fees and costs did not require the defendant to pay said amounts personally. The order simply fixed the amounts which should be paid for those purposes, and then directed

that these should be paid by the receiver from the proceeds of the community property in his possession and control. *It was in all its essential features simply an action in rem and as such personal service on the defendant was not required*" (Emphasis added.)

Respondent court's contention that where separate property is involved it has no jurisdiction to appoint a receiver until the defendant has been personally served is answered by the case of *Murray* v. *Murray*, 115 Cal. 266 [47 P. 37, 56 Am St.Rep. 97, 37 L.R.A. 626], wherein, without service of proc ess the *separate* property of the husband was placed in a receivership to secure the wife's right to support and maintenance in an action for separate maintainance.

Respondent court strongly relies upon the recent case of *Hartford* v. *Superior Court, supra,* which holds that in an action commenced pursuant to Civil Code, section 231, to secure a declaration that defendant was the father of plaintiff, personal jurisdiction over the former is essential and that service upon him outside the state was ineffective. We do not regard the case just cited as determinative of the proceeding with which we are here concerned. The Hartford case involved a trial of the main filiation proceeding while the instant proceeding is an ancillary provisional remedy of receivership to preserve the property for the protection of petitioner's unborn child's rights therein. In the Hartford case, *supra,* it was sought to obtain a *final* judgment, and although, as respondent court contends, proof of parentage is a jurisdictional prerequisite for an order to support an illegitimate child (*Kyne* v. *Kyne,* 38 Cal.App.2d 122, 128-129 [100 P.2d 806]) nevertheless, in a proceeding, such as the one at bar, while an order made therein implies a finding of the existence of the relationship, the proceeding is not required to be so complete nor the evidence so extensive as upon a trial of the issues in the case and therefore, such an order does not determine those issues nor effect the final judgment as to paternity; and it is not res judicata nor determinative of the issue of parentage at the trial (*Carbone* v. *Superior Court, supra,* p. 772).

Furthermore, we are persuaded that irrespective of the provisions of Civil Code, sections 196a and 140, the action is, by reason of the inadequacy of purely legal remedies, so much a subject of equitable cognizance that it comes within the right to have a receiver appointed under the general provision for such an officer in all cases "where receivers

have been heretofore appointed by the usages of courts of equity'' (Code Civ. Proc., § 564, subd. 7). Such was the clear and unequivocal holding in *Nichols* v. *Superior Court, supra,* pages 596, 597.

Respondent court's final contention that it is without jurisdiction to order the appointment of a receiver for the purpose of securing payment of hospital expenses of the expectant mother is unavailing. ■ Where, as in the instant proceedings, the action is commenced prior to the birth of the child the latter is entitled to an award of hospital expenses incurred in connection with its birth. As authority for its position respondent court relies upon the case of *Andrade* v. *Newhouse, supra.* However, this case involved a situation wherein the action was commenced after the birth of the children and the plaintiff mother sought reimbursement for the expenses incurred by her for hospital and medical care rendered at the birth of the children. ■ Since, under the statute (Civ. Code, § 196a) both the father and mother are burdened with the duty to support the illegitimate child, money expended by one toward the support of such child cannot be recovered from the other. (*Demartini* v. *Martini,* 45 Cal.App. 418, 419 [187 P. 985].) The case of *Andrade* v. *Newhouse, supra,* is not, therefore, in our opinion, applicable to the instant proceeding. ■ We are persuaded that the allowance of hospital expenses for the expectant mother, like the allowance of attorneys fees, is predicated upon the theory that such hospital and medical expenses are part of the child's right to support (*Kyne* v. *Kyne, supra,* p. 132; *Berry* v. *Chaplin,* 74 Cal.App.2d 669, 678 [169 P.2d 453]). ■ Furthermore, maintainance of the mother is a necessary part of support of the illegitimate child (*De Sylva* v. *Ballentine,* 96 Cal.App. 2d 503, 511 [215 P.2d 780]).

■■ We are therefore, satisfied that respondent court was obligated to hear and determine the petition for the appointment of a receiver. Whether or not it should appoint a receiver of course would depend upon a sufficient showing that defendant Creighton was the father of the child in question (*Carbone* v. *Superior Court, supra,* p. 771), and the further showing that there were assets of said defendant in this state of which the receiver might take possession.

Let a peremptory writ of mandate issue as prayed.

Doran, J., and Fourt, J., concurred.