[Civ. No. 17599. First Dist., Div. One. May 1, 1958.]

JENNIE ALGERI, Respondent, v. MILTON TONINI et al., Appellants.

Joseph J. Dignan for Appellants.

Samuel D. Hamburg for Respondent.

PETERS, P. J.—Plaintiff brought this action against the defendants for the judicial foreclosure of a deed of trust and for a deficiency judgment if the proceeds from the sale were insufficient to pay plaintiff's claim. The trial court granted this relief. Milton and Bertha Tonini appeal. Their sole contention is that the deed of trust in question was a purchase money deed of trust and that, under the provisions of section 580b of the Code of Civil Procedure, no prospective deficiency judgment should have been allowed.

The issue as to whether or not this was a purchase money deed of trust was not presented in the pleadings nor at the trial. So far as the Toninis are concerned, the complaint alleges that on August 5, 1952, they executed and delivered to plaintiff their promissory note for $14,102 payable on or before one year from date; that the note was secured by a deed of trust upon certain real property; and that no part of the principal or interest has been paid.

The Toninis did not deny the major allegations of the complaint. Their sole defense in their answer and at the time of trial was that there was no loan at all from the plaintiff to them; that the plaintiff had entered into an oral joint venture agreement with the Toninis to purchase the property and to hold it for resale; that title was to be taken in the Toninis' name and plaintiff was to receive the promissory note and trust deed to secure the funds advanced by her in the joint venture; that the note was to be paid only from the proceeds of the sale of the property; that in no event was the plaintiff to receive any payment from the Toninis until the sale of the property; that since the property had not been sold, no payment was due to the plaintiff.

The case was tried upon the sole issue of whether or not the transaction was a loan, or a joint venture. The court

found it to be a loan and entered its judgment accordingly.

The conclusion that the transaction was a loan secured by a deed of trust is supported by the evidence. The plaintiff, of Italian heritage, who reads and speaks English with great difficulty, and who gave some of her testimony through an interpreter, testified that, prior to August 5, 1952, she had money on deposit in a bank at 2 per cent interest; that on that day she withdrew $14,102 and turned it over to Milton Tonini; that it was a loan to Tonini; that he took her to a title company where she paid over the money; that Tonini told her it was for a speculation he was interested in; that he told her that she was loaning the money to him for this speculation and that she would get 6 per cent interest; that she had been taken to see the property later given as security in October of 1951; that she received a title insurance policy as a receipt for the money loaned to Tonini, and got a note and deed of trust from the Toninis; that Milton Tonini told her, on many occasions, that she would get 6 per cent interest; that he never told her that she would receive 25 per cent of the profits when the property was sold; that she never received from Tonini a memorandum to this effect; that on several occasions when she asked Tonini for the money he replied that she should not worry because she was getting 6 per cent interest. Although her testimony is somewhat difficult to follow, it is clearly to the effect that she did not advance the money to purchase any real property, but loaned it to Tonini on his promise to pay her 6 per cent interest. The unpaid interest at the date of trial amounted to $3,128.96.

Milton Tonini testified that at the time of trial he was a licensed real estate broker, but was not so licensed on August 5, 1952; that prior to that date he had given the plaintiff advice as to investments in other property; that she came to him to find property in which to invest; that he showed her the real property here involved in July of 1952; that he told her that a trust deed would protect her for 6 per cent interest if she would buy the property with him, and that she would also get 25 per cent of the net profits when the property was resold; that he gave her a memorandum to that effect (which the plaintiff denied receiving); that he gave her the note and deed of trust to protect her if he died or went bankrupt; that he drew up the note and deed of trust and opened the escrow before he had closed the deal to buy the property; that when the property was purchased he instructed the title company to deed it to him and to make out the deed in his name

alone, and to deliver the note and deed of trust to the plaintiff; that he did not put the property in both their names because he wanted full control; that he actually purchased the property for over $1,300 less than the $14,102 that plaintiff had paid to the title company; that this $1,300 plus was paid to him out of the escrow but he never told plaintiff of this fact; that he did not contribute one cent towards the purchase of the property, but has paid out $907 for insurance and advertising since the purchase; that he has paid no interest on the note; that the 25 per cent memorandum was not put into the escrow.

Some of this testimony by Milton Tonini was corroborated by Katherine Gunst, a licensed real estate broker, who has been Tonini's partner in business since 1934. She testified that plaintiff put up the money to buy this particular property and was to get 6 per cent interest on her investment, plus 25 per cent of the profits when the property was sold. Nothing was said about the money being a loan. The witness had typed the memorandum providing for the 25 per cent share of plaintiff in the profits, and Tonini gave plaintiff a copy and read it to her. The whole transaction was fully outlined to plaintiff by Tonini.

The representative of the title company testified that the property was purchased by Tonini for $12,616.57, plus $118.90 title fee; that title was taken in his name, and that Tonini got a check for $1,366.53 out of the escrow.

On this evidence the trial court concluded that the transaction was a loan and not a joint venture, ordered the property sold and granted a deficiency if the purchase price was not sufficient to pay off the loan, plus interest. These were the issues, and the only issues, presented to the trial court.

Now, on appeal, the appellants' sole contention is that the transaction was a loan but that the deed of trust was a purchase money deed of trust, and so it was error to grant a possible deficiency judgment. Appellants are attempting to raise this issue for the first time on appeal. In their pleadings and at the trial they denied that there was a loan of any nature. Now they seek to contend that there was a loan, but that the money was advanced to Tonini so that he could purchase the specific property and give back a note and a purchase money deed of trust. Appellants cannot raise this issue for the first time on appeal, when the issue was neither pleaded nor asserted at the trial. This rule is particularly applicable here because to now permit the appellants to raise the issue

would be to permit them to repudiate on appeal the theory of their answer and evidence.

■ It is elementary that questions not raised in the trial court will not be considered on appeal. (See many cases collected 3 Cal.Jur.2d, p. 604, § 140.) ■ Under this well settled rule a party is prohibited from asserting on appeal claims to relief not asserted or requested in the court below, and is prohibited from asserting matters of defense not there presented. (*Los Angeles Inv. Co.* v. *Home Sav. Bank*, 180 Cal. 601 [182 P. 293, 5 A.L.R. 1193]; *J. D. Halstead Lbr. Co.* v. *Security etc. Co.*, 116 Cal.App. 679 [3 P.2d 52]; *Estate of Raphael*, 115 Cal.App.2d 525 [252 P.2d 979]; *Rabbitt* v. *Carthage Marble Corp.*, 12 Cal.App.2d 572 [55 P.2d 1205]; *Sketchley* v. *Lipkin*, 99 Cal.App.2d 849 [222 P.2d 927]; 3 Witkin, California Procedure, p. 2261.)

■ These cases are decisive of this appeal. If the issue had been presented in the trial court the plaintiff could have offered evidence on it, and the trial court could have made a finding on whether the deed of trust was or was not a purchase money deed of trust.

The evidence that was introduced certainly does not establish, as a matter of law, that the deed was a purchase money deed of trust. The evidence does not compel a finding that the money was loaned to Tonini for the express purpose of buying this specific property, and the cases do not hold that a transaction as described by respondent necessarily involves a purchase money deed of trust or mortgage. (*Peterson* v. *Wilson*, 88 Cal.App.2d 617 [199 P.2d 757, 6 A.L.R.2d 258], and cases cited.) It must be remembered that Tonini testified that he kept over $1,300 of the money advanced by respondent for his own purposes, without disclosing this fact to respondent. If he is correct that respondent advanced the money to him for the express purpose of purchasing the property, then he, in effect, converted this $1,366.53. This would also be true if, as he contended in his pleadings and at the trial, the transaction was a joint venture. His actions in keeping this money clearly indicates that he thought there had been a loan made to him of $14,102, and that he was entitled to all of this loan. If this was not the nature of the transaction then Tonini was guilty of a most serious breach of trust, and perhaps of a theft.

The judgment is affirmed.

Bray, J., and Wood (Fred B.), J., concurred.