[Civ. No. 18638.   First Dist., Div. Two.   May 11, 1960.]

MARY LOUISE DUNN, a Minor, etc., Respondent, v. JOHN DUNN, Appellant.

Nebeker, Stoops & Hoge for Appellant.

Leslie C. Gillen and Rodney H. Washburn for Respondent.

STONE, J. pro tem.*—This action for support, medical and hospital expenses and attorneys' fees was brought on behalf of plaintiff, an illegitimate child, by her mother. The defendant father did not deny paternity and by way of answer asked the court to "fix and award to the plaintiff a reasonable sum for medical and hospital expenses connected with the birth of the plaintiff and a reasonable sum per month for the support and maintenance of the plaintiff to be contributed and paid by the defendant."
Following a hearing on an order to show cause, the

---

*Assigned by Chairman of Judicial Council.

court awarded plaintiff certain sums for monthly support, attorneys' fees and costs, hospital and medical expenses and a "layette and miscellaneous infant equipment." The defendant appealed from only the awards for medical and hospital expenses and the layette, and upon the sole ground that these two items of expense had been paid for by the mother. Civil Code, section 196a,† requires the mother as well as the father to support an illegitimate child. Appellant contends that since the action was brought by the child, the mother had no right to compel reimbursement from the father for sums the mother had paid for prenatal or postnatal care. This is a correct statement of the rule of law as enunciated in *Demartini* v. *Marini*, 45 Cal.App. 418, 419 [187 P. 985]. However, the defense is not available to defendant, since he did not raise the issue of payment in the trial court. First, defendant did not raise the issue by his pleadings. The answer which defendant filed prior to the hearing alleges "Defendant affirmatively alleges that at all times pertinent hereto, before the filing of the above-entitled action, and before plaintiff was represented by her counsel of record herein, that the defendant has acknowledged the paternity of the plaintiff, and has shown his willingness to the mother of the plaintiff and her present and former counsel, to pay reasonable support for the plaintiff and to pay reasonable medical and hospital bills incurred in connection with the birth of said plaintiff." Second, during the hearing, defendant failed to raise the defense of payment. He made no objection to the introduction into evidence of the items composing the hospital and medical expenses or layette costs upon the ground of payment, although he did object on other grounds.

At one point in the hearing, counsel for defendant made the following statements to the court:

"MR. SAPIRO: Although actually, what appear to be maximum expenses were incurred on the hospital and medical connected with the birth, we are not going to make any issue on it.

"THE COURT: Well, I have here Dr. Gratton, $400.00. Do you except to that?

---

† "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, or by a guardian ad litem appointed upon the written application or with the consent of his mother . . ."

"MR. SAPIRO: Well, the thing we wish to point out on that is that I am advised that the most expensive room in the hospital was taken.

"MR. GILLEN: He is talking about the doctor.

"THE COURT: How about Dr. Gratton, $400.00?

"MR. SAPIRO: We do not except to that.

"THE COURT: And the test for pregnancy?

"MR. SAPIRO: We do not except to that.

"THE COURT: And the X-ray?

"MR. SAPIRO: We do not except to that.

"THE COURT: Well, Children's Hospital ——

"MR. SAPIRO: Well, Children's Hospital at $486.45, we do not except to that. The television, of course, we do.

"THE COURT: I see.

"MR. GILLEN: I will pay for the television.

"THE COURT: Anesthesia?

"MR. SAPIRO: The anesthesia, that is entirely proper."

Later on in the hearing, the following colloquy occurred:

"Do you dispute the pharmacy thing, Mr. Sapiro?

"MR. SAPIRO: We are not going to dispute either of the pharmacy things, but I'd like to point out to the Court that one of those items, baby medication, is obviously after birth.

"Likewise, you will notice, your Honor, the total they have got there is $509.95; that is incorrect, even if you took the $13.50 from it. You will notice it adds to $499.45. I don't know how they got that.

"THE COURT: Well now, you have got me confused. How am I going to correct that?

"MR. SAPIRO: You take $13.50 from $499.45 ——

"MR. GILLEN: No, no ——

"THE COURT: I will tell you how we will do it.

"MR. SAPIRO: In other words, $486.45 is all right."

During the discussion of the cost of the layette, defense counsel suggested that it be split between the parties.

The foregoing excerpts are typical of the record which reflects that the questions raised by defendants were confined to the reasonableness of, and the necessity for, the items charged. He did not object to a single item on the ground of payment by the mother. Throughout the hearing, counsel gave the court the impression that the only issues raised were necessity and reasonableness.

Having failed to raise the question of payment in the trial court, defendant may not raise the issue on appeal. ▪ In

842

*Algeri* v. *Tonini,* 159 Cal.App.2d 828, 832 [324 P.2d 724], the court said:

"It is elementary that questions not raised in the trial court will not be considered on appeal. (See many cases collected 3 Cal.Jur.2d, p. 604, § 140.) ▮▮▮ Under this well settled rule a party is prohibited from asserting on appeal claims to relief not asserted or requested in the court below, and is prohibited from asserting matters of defense not there presented. (*Los Angeles Inv. Co.* v. *Home Sav. Bank,* 180 Cal. 601 [182 P. 293, 5 A.L.R. 1193] ; *J. D. Halstead Lbr. Co.* v. *Security etc. Co.,* 116 Cal.App. 679 [3 P.2d 52] ; *Estate of Raphael,* 115 Cal.App.2d 525 [252 P.2d 979] ; *Rabbitt* v. *Carthage Marble Corp.,* 12 Cal.App.2d 572 [55 P.2d 1205] ; *Sketchley* v. *Lipkin,* 99 Cal.App.2d 849 [222 P.2d 927] ; 3 Witkin, California Procedure, p. 2261.)"

Since we have decided this appeal adversely to defendant on its merits, the question of whether defendant's amended notice of appeal was timely is now moot.

The order appealed from is affirmed.

Kaufman, P. J., and Draper, J., concurred.