CONLEY, J.*
I concur in the affirmance of the judgment.
The argument made by appellant that “The Honorable Trial Judge was blind” finds no factual support in the record. It is, of course, the duty of an appellant affirmatively to show error by an adequate record. (3 Witkin, California Procedure (1954) Appeal, § 126, p. 2302.) In Algeri v. Tonini (1958) 159 Cal.App.2d 828, 832 [324 P.2d 724], Mr. Presiding Justice Peters said: “It is elementary that questions not raised in the trial court will not be considered on appeal. (See many cases collected 3 Cal.Jur.2d, p. 604, §140.) Under this well settled rule a party is prohibited from asserting on appeal claims to relief not asserted or requested in the court below, and is prohibited from asserting matters of defense not there presented. (Los Angeles Inv. Co. v. Home Sav. Bank, 180 Cal. 601 [182 P. 293, 5 A.L.R. 1193]; J. D. Halstead Lbr. Co. v. Security etc. Co., 116 Cal.App. 679 [3 P.2d 52]; Estate of Raphael, 115 Cal.App.2d 525 [252 P.2d 979]; Rabbitt v. Carthage Marble Corp., 12 Cal.App.2d 572 [55 P.2d 1205]; Sketchley v. Lipkin, 99 Cal.App.2d 849 [222 P.2d 927]; 3 Witkin, California Procedure, p. 2261.)
It seems to me neither necessary nor advisable to go completely outside of the record to theorize on a trial judge’s asserted blindness on an “as if” basis. I therefore do not participate in the dictum on that subject.
I otherwise approve of, and join in, the majority opinion.

 Assigned by Chairman of Judicial Council.