[Civ. No. 27148. Second Dist., Div. Four. Apr. 8, 1963.]

HILDEGARDE RICHTER, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ERNEST WINTER, Real Party in Interest.

Minsky, Garber & Rudof and B. W. Minsky for Petitioner.

No appearance for Respondent.

Mitchell J. Gratz for Real Party in Interest.

KINGSLEY, J.—The salient facts are as follows: On January 4, 1963, petitioner filed suit against Ernest Winter to establish paternity and for support of the child in question. On January 6, 1963, Ernest Winter was served with a copy of the complaint, a copy of the summons and a copy of the order to show cause. On February 14, 1963, petitioner and Ernest Winter appeared before the respondent court on the hearing of the order to show cause. At that time Ernest Winter asked for a continuance of this matter to a date after the expected birth of the child, which was estimated to be about April 1, 1963. Defendant, in requesting this continuance, gave as a reason that there could be an avoidance of the hearing on the order to show cause and a second trial of the matter on its merits when all this can be heard at one time after the birth of the child. The respondent court, without receiving any evidence whatsoever, indicated that it was the policy of the court to grant a continuance in paternity matters to a date after the birth of the child. By reason of this

"policy," the respondent court granted the motion of Ernest Winter and continued the matter to June 6, 1963.

Petitioner asks this court for a writ of mandamus to compel the respondent court to grant an immediate hearing on the order to show cause.

First of all, to resolve any questions of doubt that may exist, it seems unquestioned that a filiation proceeding may be instituted prior to the birth of the child in question. (*Guay* v. *Superior Court,* 147 Cal.App.2d 764 [305 P.2d 990].)

Civil Code section 196a provides in part: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligation may be maintained in behalf of a minor illegitimate child, . . . and in such action the court shall have power to order and enforce performance thereof, the same as under sections 137, 137.5, 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife."

Section 137 of the Civil Code as it applies to this case provides: "When the husband or wife has any cause of action for divorce as provided in this code, . . . when the husband or wife wilfully fails to provide for the wife or husband, he or she, as the case may be, may, . . . maintain in the superior court an action against her or him, as the case may be, for the permanent support and maintenance of herself or himself, and may include therein at her or his discretion an action for support, maintenance and education of the children of said marriage during their minority."

The combination of Civil Code sections 196a and 137, as stated above, gives the court jurisdiction to order the payment of support, costs and counsel fees pending the trial on the issue of paternity. (*Carbone* v. *Superior Court,* 18 Cal. 2d 768 [117 P.2d 872, 136 A.L.R. 1260].)

In a filiation proceeding commenced prior to the child's birth, the child is entitled to an award of hospital expenses incurred in connection with its birth. This is predicated upon the theory that such hospital and medical expenses are part of the child's right to support. (*Guay* v. *Superior Court, supra,* 147 Cal.App.2d 764.) In addition, maintenance of the mother is a necessary part of support of the illegitimate child. (*DeSylva* v. *Ballentine,* 96 Cal.App. 2d 503, 511 [215 P.2d 780].)

Furthermore, the court has power to award support and costs from the date of filing the complaint. (*Kyne* v. *Kyne,*

38 Cal.App.2d 122 [100 P.2d 806]; *Mathews* v. *Hornbeck*, 80 Cal.App. 704 [252 P. 667].) Also, since the 1939 amendment to section 196a, the court has the power to award counsel fees. (*Carbone* v. *Superior Court, supra,* 18 Cal.2d 768.)

The case of *Demartini* v. *Marini*, 45 Cal.App. 418 [187 P. 985], which held that when a mother has provided the child with support, no right of action accrues to her by which she may, in turn, compel the father to reimburse her for the expenditures has no application to this case. Petitioner is here suing defendant before she has made any expenditures. In the *Demartini* case, *supra*, the mother had already made the expenditures and was seeking reimbursement.

 The superior court also has jurisdiction to award plaintiff the above payments without the defendant formally being adjudged the father of the child. In *Carbone* v. *Superior Court, supra,* 18 Cal.2d 768, the court states, at page 772: "... the plaintiff, upon the hearing of the order to show cause, must prove by a preponderance of the evidence that the defendant is her father before he can be ordered to pay her support, costs of suit, or counsel fees pending the trial of the issues of the case. The defendant must be given an opportunity to be heard and to present his evidence. Then, even though the court upon a preponderance of the evidence presented at the hearing issues the order, its implied finding of paternity is not *res judicata* nor determinative of the issues of parentage at the trial. The proceeding is merely a hearing upon an order to show cause for the purpose of determining plaintiff's right to an award *pendente lite,* and while defendant may put the jurisdictional prerequisite of parentage in issue, the evidence produced by the parties need not be so extensive as at the trial of the action. The resulting judgment is temporary in effect; except as to payments already accrued thereunder, its operation terminates upon the final determination of the action or upon order of the court."

In the case now before us, the plaintiff alleged in her complaint that by reason of said pregnancy she was unable to support herself or to pay the medical, hospital, and other expenses to be incurred in connection with the birth of said child. The petitioner further alleged that she had no funds, property or any other income which could be used for such purposes. The superior court without allowing the plaintiff to introduce any evidence as to her allegations of being impe-

cunious or as to the issue of paternity, granted the defendant his motion for a continuance.

Clearly, the determination to hear an order to show cause for support prior to the birth of the child involves a weighing of conflicting considerations. An early hearing increases the risk, always present in such cases, that a defendant will be mulcted in expenses for a child not his; a postponed hearing involves the risk that, for lack of adequate funds for medical and similar costs, the child may not receive proper prenatal care. No fixed "policy," either to grant requests or to refuse them, should exist. It is the duty of the trial court to take evidence sufficient to enable it to exercise an informed discretion before a continuance is granted or refused. In some instances the postponing of the court hearing of such matters may be justified where it is evident upon the court's inquiry there will be no detriment to the child on the one hand and a considerable saving of court time on the other hand. Since the trial court here did not purport to exercise its discretion in this matter, the peremptory writ must issue.

Let a peremptory writ of mandate issue, directing the trial court to set petitioner's order to show cause for immediate hearing. Under the facts of this case, neither convenience of counsel nor the state of the court's calendar should operate to deny the proceeding an expeditious hearing.

Burke, P. J., and Jefferson, J., concurred.