662 So.2d 1008 (1995)
In re The Marriage of Shirley J. BARINEAU, Appellant,
v.
James E. BARINEAU, Faith Chapel, Inc., and Minnie Ola Barineau, Appellees.
No. 94-2215.
District Court of Appeal of Florida, First District.
November 14, 1995.
David A. Barrett of Barrett, Hoffman, Hall and Enfinger, Tallahassee, for Appellant.
Marion D. Lamb, III, of Lamb & Lamb, Tallahassee, for Appellee.
PER CURIAM.
In this appeal from final summary judgment entered in favor of Appellee Faith *1009 Chapel,[1] the primary question raised is whether a non-profit corporation can be the alter ego of an individual for the purpose of equitable distribution in a dissolution of marriage. The trial court answered that question in the negative, holding that the "claim to pierce the corporate veil ... of a ... non-profit corporation under an alter ego theory fails to state a cause of action ... as a matter of law." The trial court also ruled laches and estoppel barred Appellant's claim of a constructive trust.
On appeal, Appellant contends that the trial court erred in its ruling on the applicable law and erred in holding that no material issues of fact remain as to Appellant's claim of constructive trust and "alter ego action." We find merit in these contentions and, therefore, must reverse and remand for further consideration.
First, as to the applicability of the doctrine or remedy known as piercing the corporate veil and the related alter ego theory, neither party has been able to cite any Florida case directly on point. Basic corporation law, however, is that non-profit corporations are not exempt from these doctrines. For example, Fletcher's treatise states:
The mere fact that the corporation involved is a nonprofit corporation does not by itself preclude a court from applying the equitable remedy of piercing the corporate veil. The equitable character of the remedy permits a court to look to the substance of the organization, and its decision is not controlled by the statutory framework under which the corporation was formed and operated. While it may appear to be impossible for a person to exercise ownership control over a nonstock, not-for-profit corporation, a person can be held personally liable under the alter ego theory if the evidence shows that the person controlling the corporation did in fact exercise control, even though there was no stock ownership.[2]
The arguments presented by Appellee do not convince us that the court may never inquire whether a non-profit corporation is the alter ego of a party in a dissolution proceeding for the purpose of achieving equitable distribution. As we understand it, Appellant's position is not that dissolution of the corporation is required, but that, if Faith Chapel is determined to be Appellee's alter ego, and if it is determined that the corporation is engaged in improper conduct involving assets that are rightfully marital assets, such findings can be taken into account in equitable distribution.
The trial court's ruling that the remedy is not available precluded its consideration of whether there are material issues of fact on this issue. See 18 Am.Jur.2d "Corporations" § 45. Our review of the record indicates that there are material issues of fact remaining to be resolved as to this issue as well as to the affirmative defenses of laches and estoppel. Appellant's donative intent, as well as her knowledge, participation and/or acquiescence in the various schemes alleged, raise factual questions and may call into play various principles of equity affecting Appellant's right to the relief sought. See 22 Fla.Jur.2d "Equity" § 48, 49 and 50.
Accordingly, this cause is REVERSED and REMANDED for further proceedings.
BOOTH, JOANOS and LAWRENCE, JJ., concur.
NOTES
[1] Appellant voluntarily dismissed her claim against Minnie Ola Barineau.
[2] 1 Fletcher Cyclopedia of Corporation Law § 41.75 (footnotes omitted). To like effect is 18 Am.Jur.2d "Corporations" § 47 (1985).