921 So.2d 760 (2006)
William F. NELSON, Jr., Appellant,
v.
CITY OF SNEADS, Florida, Appellee.
No. 1D05-2067.
District Court of Appeal of Florida, First District.
February 22, 2006.
*761 Richard D. Barlow and Bradley S. Odom, of Kievit, Odom & Barlow, Pensacola, for appellant.
Gwendolyn P. Adkins and Gerald Shane Ferenchik, of Coppins, Monroe, Adkins, Dincman & Spellman, P.A., Tallahassee, for appellee.
WOLF, J.
Appellant, the former Chief of Police of the City of Sneads (City), challenges a final summary judgment entered in favor of the City on grounds that appellant was barred by the doctrine of laches from bringing his action for reinstatement, back pay, and benefits following his termination, which he alleged occurred at an improperly noticed meeting of the City's town council. Because there were genuine issues of material fact which precluded entry of the summary judgment, we reverse.
In order for the City to prevail on the asserted affirmative defense of laches, it had to prove by clear and convincing evidence each of the following:
1) conduct on the City's part giving rise to the situation upon which the complaint was based;
2) failure of appellant, having had knowledge or notice of the City's conduct, to assert his rights by suit;
3) lack of knowledge on the part of the City that appellant would assert the right on which he based his suit; and
4) injury or prejudice to the City if relief was accorded to appellant.
See Van Meter v. Kelsey, 91 So.2d 327, 330-32 (Fla.1956); see also McIlmoil v. McIlmoil, 784 So.2d 557, 563-64 (Fla. 1st DCA 2001).
When the inferences that can be drawn in favor of the party against whom the defense of laches is asserted create material factual disputes as to one or more of the elements necessary to establish the defense, appellate courts have generally found summary judgment based on the doctrine of laches inappropriate. See, e.g., Barineau v. Barineau, 662 So.2d 1008, 1009 (Fla. 1st DCA 1995) (reversing summary judgment where, among other things, knowledge of party against whom defense of laches was asserted raised factual questions "call[ing] into play various principles of equity affecting [her] right to the relief sought"); Budnick v. Silverman, 805 So.2d 1112, 1114 (Fla. 4th DCA 2002) (reversing summary judgment where parties' presuit dealings "strongly suggest[ed]" that party asserting defense of laches "should have expected to be sued" and, therefore, did not demonstrate the absence of a factual dispute as to his lack of knowledge that the other party would assert the right upon which the lawsuit was based).
*762 We conclude that there were material factual questions with regard to two of the elements of the City's affirmative defense of laches: 1) the reasonableness of appellant's delay in asserting his rights by suit, and 2) the sufficiency of the City's knowledge that appellant would be asserting his rights by filing a lawsuit. We, therefore, reverse the summary judgment in favor of the City and remand for further proceedings.
BARFIELD and BROWNING, JJ., concur.